**Constantin–Horia A.
NICOLAU, Plaintiff,**

v.

**UNITED STATES of America,
DEPARTMENT OF JUSTICE,
Defendant.**

**No. 87 Civ. 0007 (RWS).**

United States District Court,
S.D. New York.

Nov. 14, 1988.

Constantin–Horia A. Nicolau, Yonkers, N.Y., pro se.

Rudolph W. Giuliani, U.S. Atty., New York City, for defendant; Helen M. Toor, Asst. U.S. Atty., of counsel.

## OPINION

SWEET, District Judge.

Defendants United States Department of Justice ("Justice Department"), United States Department of State ("State Department"), and Richard Thornburgh, Attorney General of the United States have moved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint of plaintiff Constantin–Horia A. Nicolau ("Nicolau"), presently *pro se,* for lack of subject matter jurisdiction. Upon the facts and conclusions as set forth below, the motion is granted.

*The Facts*

Nicolau is a refugee from Rumania to whom the United States Government granted political asylum in 1978. Nicolau has requested documents from the Federal Bureau of Investigation ("the FBI") and the State Department pursuant to 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"), and § 552(a), the Privacy Act. Specifically, Nicolau has requested disclosure of all records held by these organizations which pertain to him.

*FBI Records*

By letter dated January 22, 1982, Nicolau submitted to the New York Field Office of the FBI a Freedom of Information Act request for records pertaining to himself. In response to this request, Nicolau's name was searched through the General Indices of the New York Field Division of the FBI. One main file containing 2 documents consisting of a total of 27 pages was located. Initially, the 27 pages were withheld in their entirety by the New York Field Division on the grounds that they contained information which was classified pursuant to Executive Order 12356 in the interest of the National Defense or Foreign Policy.[1]

Nicolau was advised that documents responsive to his request were being withheld, and was told of appeal procedures.[2] By letter dated July 7, 1983, he appealed the decision to withhold information. On November 18, 1983, Nicolau was advised that a supplemental release of the information would take place, but that certain information contained in the documents was properly redacted pursuant to 5 U.S.C. § 552(b)(7)(C), which exempts from release to the public "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy...." Specifically, the names of FBI Special Agents and FBI employees were excised from the document. On December 13, 1983, Nicolau was provided with all 27

---

**1.** 5 U.S.C. § 552(b)(1) exempts matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and ... are in fact properly classified pursuant to such Executive order."

**2.** Nicolau was also informed that a search of indices to central records at FBI headquarters did not result in finding any indication that Nicolau had ever been the subject of an FBI investigation.

pages of the documents, with the deletions described.

*State Department*

By letter dated December 5, 1983, Nicolau submitted a Freedom of Information/Privacy Act request to the State Department requesting information pertaining to himself which he believed was maintained in the Department of State record system. Based upon Nicolau's information, searches were initiated in the Central Foreign Policy Records, the Bureau of European and Canadian Affairs, the Office of Security, the Office of Passport Services, and the Office of Visa Services. These searches resulted in the location of two documents under Nicolau's name, both of which were released to him on January 11, 1985.[3]

Despite the release of the two documents, Nicolau believed that the State Department had additional records responsive to his request, and wrote a letter to the State Department explaining this belief. Further, by letter dated January 14, 1988, Nicolau's attorney requested that the State Department conduct additional searches of the American Embassy in Vienna and the Rumanian division of the State Department. Because the earlier search had included the Bureau of European and Canadian Affairs, which included a search of the records of the Office of Eastern European and Yugoslavian Affairs, the State Department had originally determined that no further search was necessary. However, early in 1988, the Department undertook additional search efforts as a courtesy to Nicolau, including searches in the American Embassies in Vienna and Bucharest. One two page document containing the name "Nicolau" was retrieved pertaining to the application by a family to the Rumanian Ministry of Interior for passports. Examination of the document indicated that the "Nicolau" referred to was not the plaintiff. However, the State Department provided the document, with excision of the other names, to Nicolau by letter dated April 19, 1988.[4]

In December 1984, Nicolau brought suit claiming that the FBI and the State Department refused to disclose information and materials in violation of the Freedom of Information Act. Later, an amended complaint added a claim under the Privacy Act and added a claim for attorneys costs and fees.

*Discussion*

In order to prevail in a claim brought under the FOIA, a plaintiff must establish that an agency has improperly withheld records. *Forsham v. Harris*, 445 U.S. 169, 177, 100 S.Ct. 977, 983, 63 L.Ed.2d 293 (1980). Jennifer E. Anderson, Special Agent of the FBI, and Frank Machak, Information and Privacy Coordinator for the State Department, have submitted sworn declarations to the effect that Nicolau has been provided with all documents responsive to his request. Nicolau has offered no concrete evidence that the FBI or the State Department have withheld documents from him.

■ In addition, the deletions in the documents provided to Nicolau were properly made pursuant to § 552(b)(6) and § 552(b)(7)(C) of the FOIA in order to protect the identities of various FBI employees as well as third parties. In determining whether or not to release names under this exemption, the public's right to know must be balanced against the individual's right to personal privacy. *Johnson v. U.S. Dept. of Justice*, 739 F.2d 1514 (10th Cir.1984). Here, the purpose of the privacy consideration is to protect FBI employees as private citizens from unnecessary unofficial questioning. There is little benefit to the public of disclosing their names to Nicolau to weigh on the other side. Therefore, the redactions of the documents are permissible and do not violate Nicolau's rights.

■ Because Nicolau has been provided with all known documents, and because all

---

**3.** Because Nicolau did not indicate contact with any overseas post after October 1980, the Information and Privacy Staff determined that searches of the American Embassies in Rumania and Greece were not warranted in the processing of this Privacy Act request.

**4.** The names of individuals were excised pursuant to exemption (b)(6) of the FOIA, which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

deletions in the documents are permissible, Nicolau's claims are moot, and this action is dismissed for lack of subject matter jurisdiction. *See Kaye v. Burns,* 411 F.Supp. 897 (S.D.N.Y.1976) (action for production of documents under Freedom of Information Act is moot where documents requested do not exist and where other documents have been produced); *Hill v. U.S. Air Force,* 795 F.2d 1067 (D.C.Cir.1986) (where plaintiff has already gained access to requested records, claim is moot).

However, because matter outside the pleadings has been submitted, this motion will be treated as a motion for summary judgment under Rules 12(b) and 56, Fed.R. Civ.P. Entry of judgment dismissing the complaint will be stayed to permit submission of any additional factual matter.

*Costs and Attorneys Fees*

■ In order to be awarded costs and attorneys fees, a complainant in a case brought under the FOIA must "substantially prevail" in the action. § 552(a)(4)(E). Although it is not necessary for a complainant to be awarded a final judgment to substantially prevail, *Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509, 513 (2d Cir.1976), the plaintiff must show that prosecution of his claim could be regarded as necessary and that his action had a substantial causative effect on the delivery of information. *Id.*

The FBI released all documents responsive to Nicolau's request one year prior to the institution of this suit. Therefore, the suit could have had no causative effect on the delivery of the documents. The State Department released the two documents responsive to Nicolau's request a few weeks after the suit filed; however, Nicolau has provided no reason to believe that the suit was necessary for the actions of the State Department. Indeed, it is not even clear that those individuals in the State Department was aware of the suit at the time the documents were turned over. Further, although the search yielding the third document was executed after this claim was filed, it was done only as a courtesy to Nicolau (the State Department had already searched the files of five of its departments) and did not result in the location of any documents relevant to Nicolau. Thus, Nicolau's request for attorneys fees is denied.

Nicolau is granted leave to submit additional factual material within thirty (30) days. Such a submission will be considered as reargument. Absent such a submission, judgment will be entered in thirty (30) days dismissing the complaint with prejudice and without costs.

IT IS SO ORDERED.