**John GIST, Jr., Petitioner,**

v.

**Robert J. HENDERSON, Superintendent, Auburn Correctional Facility, Respondent.**

No. Civ–75–340.

United States District Court, W. D. New York.

Oct. 20, 1975.

John Gist, Jr., pro se.

CURTIN, Chief Judge.

 This is an application for a writ of habeas corpus by John Gist, Jr., who is presently incarcerated at Auburn Correctional Facility, Auburn, New York. The petitioner is challenging a conviction which arose in Onondaga County, Syracuse, New York. This petition was filed in this court and an order to show cause was issued on August 12, 1975. The respondent filed an answering affidavit. However, 28 U.S.C. § 2241, governing habeas corpus petitions, provides that the " . . . application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted or sentenced him . . . ." Since both the place of conviction and the locale of incarceration are in the Northern District of New York, the only place of proper venue is the Northern District.

There are decisions in districts of this circuit which hold that a district court in which there is improper venue lacks subject matter jurisdiction and does not have the power to transfer the petition to the proper district. See, e. g., United States ex rel. Ervin v. Sawner, 322 F.Supp. 1108 (S.D.N.Y.1971). However, other decisions have indicated a district court does have that power. See, e. g., United States ex rel. Ruffin v. Mancusi, 300 F.Supp. 686 (E.D.N.Y.1969). A thorough analysis of the problem in light of pertinent Supreme Court decisions can be found in United States ex rel. Ayala v. Tubman, 366 F.Supp. 1268 (E.D.N.Y.1973). There Judge Neaher concluded that a discretionary transfer under 28 U.S.C. § 1406(a) was proper. The pro se nature of the petitioner and the unnecessary delay that a dismissal would cause were key considerations in Judge Neaher's decision to transfer the case. All those considerations are present in the instant case. Therefore, a transfer is proper.

The Clerk of this court is ordered to transfer this application to the Clerk of New York under 28 U.S.C. § 1406(a). So ordered.