Thomas W. HILL, Appellant,

v.

U.S. AIR FORCE, et al.

No. 85–5805.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 2, 1986.

Decided July 18, 1986.

Thomas W. Hill, pro se.

Patricia D. Carter, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on brief, for appellees.

Before SCALIA and SILBERMAN, Circuit Judges, and WRIGHT, Senior Circuit Judge.

Opinion per curiam.

PER CURIAM:

Appellant Thomas Hill, a civilian employee of the United States Air Force when this case began, alleges that the Air Force and certain of his supervisors at Kirtland Air Force Base in Albuquerque, New Mexico violated the Privacy Act, 5 U.S.C. § 552a (1982), by maintaining an illegal system of records, and violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1982), by wrongfully withholding agency documents. The District Court held that the records sought by Hill were not "agency records" within the meaning of FOIA. Alternatively, it held that Hill's FOIA claims were partially moot because some of the requested records had become available to Hill, and that his remaining FOIA claims were unavailing because the defendants had conducted a reasonable search of their records. The court also rejected appellant's Privacy Act claims, holding that the records involved were not subject to the requirements of the Privacy Act. Finally, the District Court dismissed appellant's claims against his supervisor Vallerie, holding that the court lacked personal jurisdiction over Vallerie. We now affirm, albeit partly on different grounds.

Hill was a civilian employee of Kirtland Air Force Base in Albuquerque, New Mexico when this increasingly acrimonious dispute arose. On June 8, 1984 he filed a FOIA request, seeking release of all agency records "held or controlled by Air Force organizations in the Albuquerque area (or those involving these organizations in any way) which have not been previously released to me * * *." He also sought the "release and amendment of " 'systems of records' records, being maintained by the Air Force under my name, which are not accurate, relevant, timely, or complete." Complaint (Record Document No. 1) at 2.

Upon receiving the FOIA request, the Air Force conducted a search of its records and released certain time-cards and attendance records filed under Hill's name. The agency then claimed that it had released all of the agency records requested.[1] It acknowledged that appellant's supervisor, Vallerie, maintained several files concerning Hill, but concluded that those files contained personal notes and consequently were not governed by the disclosure demands imposed by FOIA and the Privacy Act. Hill then filed this suit, seeking injunctive relief, damages, and attorney fees.

Shortly thereafter Vallerie retired from the Air Force. While his desk was vacant, Hill rifled through it and removed the Vallerie files concerning him. Appellant used these files to conduct depositions of several of his supervisors and later returned the files to the Air Force.

The District Court dismissed the claim against supervisor Vallerie, holding that it did not have jurisdiction over Vallerie, a resident of New Mexico, because of his lack of contacts with the District of Columbia. In addition, the court refused to allow Hill to amend his complaint to seek injunctive relief to prevent the Air Force from terminating him for removing the documents from Vallerie's desk. Finally, the District Court granted the government's motion for summary judgment and dismissed the remaining claims in their entirety.

---

1. The agency conducted a second search of its files in February of 1985. Although the government now claims that this search did not uncover any new information, appellant argues that this search revealed new information which he had not seen before.

Hill first challenges the District Court's determination that the records in this case do not constitute "agency records" within the meaning of FOIA. We find it unnecessary to reach this issue, however, because we conclude that the District Court properly held that, even if these records were subject to FOIA, the Air Force has complied with the mandate of that statute. As the District Court noted, Hill has already gained access to the Vallerie records and his claim in this respect is consequently moot. As to the remaining portion of his request, we agree with the District Court that the agency's search was reasonable and thus consistent with the demands of FOIA.[2] Consequently, we affirm the District Court's holding that Hill's FOIA claims are moot or unavailing.[3]

Appellant similarly challenges the District Court's determination that the Vallerie records are not "agency records" within the meaning of the Privacy Act. Again we find it unnecessary to reach this issue. Even if these records do constitute agency records within the meaning of the Privacy Act, appellant failed to exhaust his administrative remedies prior to bringing his amendment claims and has proffered insufficient evidence to support his damages claim.[4]

Appellant seeks to have his records amended, claiming that they are inaccurate. A Privacy Act plaintiff, however, must exhaust his or her administrative remedies prior to bringing an amendment suit. 5 U.S.C. § 552a(g)(1)(A). *See Nagel v. U.S. Dep't of Health, Education & Welfare,* 725 F.2d 1438, 1441 (D.C.Cir.1984). Thus a party challenging the accuracy of an agency's records must first present the claim to the agency and allow the agency to consider whether the records should be amended. In this case appellant filed the suit and then obtained access to the documents, but never asked the agency to make any specific amendments to his records. Because he has failed to exhaust his administrative remedies, his amendment claims in federal court are premature.

**2.** Hill challenges the search conducted by the Air Force because it did not conduct any search of the records held at Andrews Air Force Base. Reply brief for appellant at 18. We reject this argument. In our view, the agency clearly acted reasonably in confining its search to Air Force facilities in the Albuquerque area. In his initial FOIA requests, reprinted in the appendix, Hill sought only the records held in the Albuquerque area. *See* Complaint (Record Document No. 1), Exhibits 1, 2, and 3.

At oral argument appellant suggested that Vallerie was withholding documents that have not yet been released. Fairly read, however, Vallerie appears only to have said that he had some *copies* of the records found missing from his desk. *See* supplemental brief for appellant, Exhibit A–5 ("The fact is that someone wanted that documentation destroyed. Not all of it is. However, where the copies are will remain secret until needed.").

Apart from these challenges, appellant has not questioned the adequacy of the agency's search before this court.

**3.** Appellant also argues that because the second agency search, conducted in February 1985 (after the filing of his lawsuit) revealed new information, he is entitled to attorney fees as a "substantially prevailing" party under FOIA. 5 U.S.C. § 552(a)(4)(E) (1982). The Air Force submitted affidavits claiming that no new information was released as a result of the February search. In rejecting appellant's claim for attorney fees the District Court did not explicitly resolve this dispute. *See* Memorandum Opinion of the District Court filed June 26, 1985 (Record Document No. 69) at 9. Assuming that the District Court's holding may be read as a rejection of appellant's factual contention, we find no reason to disturb that judgment. Such a dispute is not material and thus does not present a bar to the grant of summary judgment. Moreover, even if we were to assume that appellant is correct in his assertion that one or more new documents were released as a result of the later search, appellant is nonetheless not entitled to attorney fees under FOIA unless his FOIA suit "caused" the release of his records. *See Crooker v. U.S. Dep't of Justice,* 632 F.2d 916, 922 (1st Cir.1980). The District Court held that Hill's suit had nothing to do with the release of the records and consequently concluded that Hill could not be considered a "prevailing party." Again, we find no reason to disturb this judgment.

**4.** Appellant's claims challenging the adequacy of the Air Force's search of its records under the Privacy Act were similarly rejected by the District Court. We affirm for the same reasons noted above (*i.e.,* Hill has already gained access to the Vallerie records and his challenges to the adequacy of the Air Force's search of its other records are unpersuasive).

■ Appellant's only remaining Privacy Act claim is his claim for damages. He argues that he is entitled to damages because the agency "willfully and intentionally" maintained an illegal system of records, 5 U.S.C. § 522a(g)(4), and because it maintained files describing his First Amendment activities, *id.* § 552a(e)(7). Even when viewed in the light most favorable to appellant, however, the record simply does not support appellant's allegations that the agency willfully maintained inaccurate records in violation of the Privacy Act. We note that although the standard in the Privacy Act is merely "somewhat greater than gross negligence," *Parks v. U.S. Internal Revenue Service*, 618 F.2d 677 (D.C.Cir. 1980) (*quoting* Analysis of House and Senate Compromise Amendments to the Federal Privacy Act, *reprinted in* 120 Cong.Rec. 40405, 40406 (1974)), appellant's evidence revealed no such conduct on the part of the agency officials involved in this case. Thus, even if we were to assume that these records are "agency records" and that appellant's broad claims of inaccuracy are correct, he simply came forward with no evidence to support his allegation that the relevant officials "willfully and intentionally" maintained the inaccurate condition of those records. In such a case summary judgment is clearly appropriate. *See Moskiewicz v. U.S. Dep't of Agriculture*, 791 F.2d 561, 566 (7th Cir.1986); *Perry v. Block*, 684 F.2d 121, 129 (D.C.Cir.1982); *Doe v. General Services Administration*, 544 F.Supp. 530, 541–542 (D.Md.1982). Nor is he entitled to an award of damages on his claim that the agency maintained illegal records of his First Amendment activities. This claim was not presented to the agency or to the District Court and consequently is not properly before this court.

■ We similarly reject appellant's challenges to the District Court's dismissal of his claims against Vallerie in Vallerie's individual capacity. The District Court held that it lacked personal jurisdiction over Vallerie because Vallerie had no "minimum contacts" with the District of Columbia. We agree. Neither appellant's wholly conclusory allegations contained in his own affidavits, nor the mere fact that defendant Vallerie wrote unrelated letters to locations within the District can create the necessary "minimum contacts" with the District of Columbia.

■ Finally we conclude that the District Court did not err in failing to transfer this case to the District Court in New Mexico pursuant to 28 U.S.C. § 1631 (1982). Under the terms of that statute, a District Court "shall, if it is in the interests of justice," transfer a case over which it does not have jurisdiction to a court where the case could have been brought. In this case the action could have been brought in the District Court in New Mexico—where, in fact, appellant has another suit arising from these incidents pending. Neither party urged the District Court to transfer this case, and the court did not consider the issue on its own motion. Because Section 1631 directs a court to transfer an "action" over which it lacks jurisdiction, rather than an individual claim, we find that the District Court did not abuse its discretion in failing *sua sponte* to transfer Hill's claims against Vallerie in his personal capacity to the District Court in New Mexico.[5] *Cf. Center for Nuclear Responsibility v.*

---

5. Appellant also challenges the District Court's refusal to allow him to amend his complaint to add a count seeking an injunction to bar his removal from his job for removing the Vallerie records. We affirm the District Court's decision on this point. Appellant's complaints about his removal are currently the subject of a Merit Systems Protection Board proceeding and may be appealed from that tribunal to the Federal Circuit.

Similarly, we conclude that the District Court did not abuse its discretion in refusing to grant appellant's Rule 60(b) motion to reopen the proceedings on the ground that new evidence supported his claims that the Vallerie documents were "agency records" within the meaning of FOIA and the Privacy Act. This issue is not directly relevant to the disposition of the case because, as noted by the District Court, even if the records *are* agency records, the agency has complied with all of the requirements of both FOIA and the Privacy Act.

*USNRC,* 781 F.2d 935, 943 (D.C.Cir.1986) (Ginsburg, J., dissenting) (when a federal court finds that it lacks jurisidiction but that another federal court has authority to hear the case, "the first federal court must transfer *the case* to the proper court") (emphasis added); *Ingersoll-Rand Co. v. United States,* 780 F.2d 74, 80 (D.C.Cir.1985) ("where a court finds that it lacks jurisdiction, it must transfer *such action* to the proper court") (emphasis added).

Thus we come to the end of appellant's various complaints and objections to his fate at the hands of his supervisors in the Air Force. We note that nothing in our disposition of this case prevents appellant from seeking to have his official agency records corrected. We simply hold that he must present specific allegations of inaccuracy to the agency before repairing to the District Court. Moreover, although appellant may feel aggrieved, the Privacy Act provides for damages only when a plaintiff can prove "willful and intentional" violations of the Act. In sum, we affirm the dismissal of appellant's FOIA and Privacy Act claims against the Air Force and affirm the court's dismissal of appellant's claims against Vallerie for want of personal jurisdiction.

*Affirmed.*