Phyllis **TAYLOR**, Plaintiff–Appellant,

v.

**SOCIAL SECURITY ADMINISTRA-TION,** Defendant–Appellee.

No. 85–5887.

United States Court of Appeals, Ninth Circuit.

Submitted February 22, 1988 *.

Decided March 21, 1988.

Andrew J. Davis, Law Offices of Andrew J. Davis, Newport Beach, Cal., for the plaintiff-appellant.

No appearance was made for Social Security Admin., the defendant-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before SKOPIL, SCHROEDER and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

## I.

Plaintiff-appellant Phyllis Taylor appeals from the district court order denying her request to transfer this action to the United States Court of Appeals for the Federal Circuit. We reverse.

## II.

Taylor, an employee of the Social Security Administration, was demoted from claims representative to service representative because of allegedly unsatisfactory job performance. Taylor appealed her demotion to the Voluntary Labor Arbitration Tribunal (VLAT). On July 27, 1984, the VLAT denied Taylor's appeal upon finding that substantial evidence supported the Social Security Administration's position that Taylor had failed to meet reasonable performance standards. On August 27, 1984, Taylor appealed the VLAT's order to the United States District Court for the Central District of California.

On March 18, 1985, the district court ordered Taylor to show cause why her claim should not be dismissed for lack of subject matter jurisdiction. In its order, the court directed Taylor's attention to 5 U.S.C. §§ 7121(f) and 7703(b)(1) (1982) which indicate that appeals from decisions of the VLAT are to be filed in the United States Court of Appeals for the Federal Circuit. Taylor filed a response conceding that her claim had been filed in the wrong court "through inadvertent clerical error"; she requested that the district court exercise its discretion under 28 U.S.C. § 1631 (1982) and transfer her claim to the Federal Circuit. The Social Security Administration did not oppose Taylor's request for transfer.

On April 24, 1985, the district court ordered her action dismissed for lack of subject matter jurisdiction. The order does not reflect whether the district court considered Taylor's request that her claim be transferred to the Federal Circuit.

## III.

We review a district court's refusal to transfer a case under section 1631 for abuse of discretion. *Hill v. United States Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986); *see Westside Property Owners v. Schlesinger*, 597 F.2d 1214, 1220 (9th Cir. 1979). A district court's failure to exercise discretion constitutes an abuse of discretion. *See Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 749 (9th Cir.1985).

## IV.

In determining whether to grant or deny a motion to transfer an action pursuant to section 1631, the district court must consider whether the action would have been timely if it had been filed in the proper forum on the date filed, and if so, whether a transfer would be "in the interest of justice." *Hill*, 795 F.2d at 1070; *Hempstead County and Nevada County Project v. EPA*, 700 F.2d 459, 462 (8th Cir.1983). The district court did not consider these factors in denying Taylor's motion. Indeed, it is unclear whether the district court considered Taylor's motion at all.

The district court abused its discretion in failing to determine whether transfer would be in the interests of justice and whether the action would have been timely filed in the United States Court of Appeals for the Federal Circuit. Accordingly, we reverse and remand to the district court with directions to exercise its discretion in considering Taylor's motion to transfer in light of *Hill*.

REVERSED AND REMANDED.