David John MILLER,
Petitioner–Appellant,

v.

Margaret HAMBRICK, Warden of the Metropolitan Detention Center; and William McCoy, U.S. Marshall, Respondents–Appellees.

No. 89–55124.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 1990.[*]

Decided May 25, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

David John Miller, Baron, Cal., pro se.

No appearance by respondents-appellees.

Before BROWNING, NOONAN and FERNANDEZ, Circuit Judges.

NOONAN, Circuit Judge:

David J. Miller appeals the dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. This unusual case requires a decision on two points of law up to now not addressed by this circuit: (1) whether a prisoner, transferred into one district in order to testify in a pending case, is in the custody of the warden of that district or remains, for habeas corpus purposes, within the custody of the warden in the district from which he has been transferred; and (2) whether, if jurisdiction is lacking, transfer rather than dismissal is the appropriate response.

## PROCEEDINGS

In 1984 David J. Miller pleaded guilty to one count of conspiracy to import marijuana in violation of 21 U.S.C. §§ 952 and 963, one count of transportation of monetary instruments in violation of 31 U.S.C. § 5316, and two counts of filing false income tax returns in violation of 26 U.S.C. § 7206(1); he also forfeited $1,750,000. He was sentenced to 16 years imprisonment, the maximum possible under the plea agreement.

In August 1987 he made his initial appearance before the United States Parole Commission. The Commission set Miller's guidelines in the light of three factors it found significant: that he had been the head of a drug smuggling ring; that the amount of marijuana brought in had been at least 80,000 pounds; and that the offense had extended from 1972 to 1981. The Regional Commissioner ordered Miller to serve until the expiration of his sentence. Miller appealed and the National Appeals Board of the United States Parole Commission affirmed the Regional Commissioner's decision on November 24, 1987.

Shortly after receiving the denial of his Parole Commission appeal, Miller began the preparation of a petition for writ of habeas corpus. The petition was prepared as a pro se petition, but was in actual fact prepared by counsel. It runs 43 pages and is distinguished by close legal argumentation and the citation of many cases. At the time that work on the petition began Miller was in a federal prison in Fort Worth, Texas. While the petition was being prepared he received information that he

would be called to testify in a tax court case in the Central District of California. In due course he was summoned by a writ of habeas corpus ad testificandum to be transferred for the purpose of testifying in the Central District, then to be returned to the warden in Fort Worth. He was moved to the Metropolitan Detention Center in Los Angeles.

On January 24, 1988 Miller filed in the Central District of California the petition that is the subject of this appeal. On January 25, 1988 acting sua sponte the district court dismissed the petition. The court noted that the litigation in which Miller had been scheduled to testify had been resolved. The court also noted that the Bureau of Prisons had advised the court that crowded conditions in detention facilities in California rendered it inappropriate to retain Miller in California. The district court found that the petition had "nothing to do with any occurrence in this district." The court concluded: "[T]he mere fact that it was filed here does not justify retention of the petitioner in this district." The petition was dismissed without prejudice to Miller refiling "in the district of his regular incarceration." Miller's request for a restraining order to prevent his transfer back to Texas was also denied.

Miller appeals the dismissal of the petition.

### ANALYSIS

*Jurisdiction.*

■ The law that must be applied requires that a petition for habeas corpus be directed against a person who holds the petitioner in custody. Normally that is the warden of the penitentiary where the prisoner is confined. *Dunne v. Henman,* 875 F.2d 244, 248–50 (9th Cir.1989). In this case at the time he brought the petition Miller was confined in the Metropolitan Detention Center in Los Angeles. He brought his action against Margaret Hambrick, its warden. Literally, it is argued, he complied with what the statute requires.

Habeas corpus as a remedy for subjecting incarceration to some kind of judicial scrutiny is at least as old as 1341. D. Meador, *Habeas Corpus and Magna Carta* 10 (1966). The fundamental place of the most celebrated writ in our law has been saluted by Blackstone, Hamilton, Dr. Samuel Johnson, and many other wise molders of our society. *See* Chafee, *The Most Important Human Right in the Constitution,* 32 B.U.L.Rev. 143–147 (1952). The writ has expanded as it has evolved. *See* R. Sokol, *Federal Habeas Corpus* 18–21 (1969). For such an instrument of justice to have been serviceable for so long, practical considerations have had to buttress principle and ingenuity in adaptation has been essential. In this case literal application would not be the best way of serving the purposes of the writ.

Looked at not quite so literally, the situation is a case where by a fluke Miller was for a short time not in his regular place of confinement. His petition indicates that his personal presence and testimony are necessary for a prosecution of his petition. By the fluke of his being in California and the careful timing of his petition, he sought to have the courts of this circuit adjudicate his claim while he remained in Los Angeles to present his case.

Analogous cases have arisen in other circuits. In *United States ex rel. Quinn v. Hunter,* 162 F.2d 644 (7th Cir.1947), Quinn was brought to Chicago from the penitentiary in Leavenworth, Kansas in order to testify in a proceeding he brought to correct the judgment in his own case. The District Court for the Northern District of Illinois then issued a writ of habeas corpus to inquire into the legality of Quinn's restraint in the penitentiary at Leavenworth. The Seventh Circuit noted that as Quinn had been brought to Illinois "under a writ directed by the court for the express purpose of obtaining his presence as a witness" it could not be thought that he was unlawfully restrained of his liberty while he was in Chicago for that special purpose. *Id.* at 648. The court reasoned "that the unlawful restraint against which relief is sought must also exist in the territorial jurisdiction of the court." *Id.* at 649. Jurisdiction was found wanting.

We find this reasoning, if not absolutely compelling, at least persuasive. The standard writ, issued under F.R.C.P. 81(a)(2), requiring transfer of a prisoner to another district in order to testify, acknowledges that the prisoner is held under the custody of the person to whom the writ issues and authorizes only "safe and secure conduct" of the prisoner to where he will testify. The writ specifies that "immediately" after giving his testimony the prisoner shall be returned to the person holding him. The writ authorizes a trip not a change of custodians. The restraint to which Miller objects is the restraint imposed by the warden at his regular place of incarceration. His petition is not directed to the restraint he suffered in being moved to Los Angeles to testify. Jurisdiction is lacking in the Central District of California.

The same result has been reached in the Eighth Circuit in *Bandy v. United States Attorney General*, 408 F.2d 523 (8th Cir. 1969); in the District of Columbia Circuit in *Pelley v. Matthews*, 163 F.2d 700 (D.C.Cir. 1947); and in the District of Maryland in *Sanders v. Brady*, 57 F.Supp. 87 (D.Md. 1944). Miller offers no reason persuading us to set this circuit at odds with the other federal courts that have addressed the question.

*Transfer*

Under a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought "if it is in the interest of justice." *See e.g., In re McCauley*, 814 F.2d 1350, 1351–52 (9th Cir. 1987). Section 1631 "serves to 'aid litigants who were confused about the proper forum for review.'" *Id.* at 1352 (quoting *American Beef Packers, Inc. v. ICC*, 711 F.2d 388, 390 (D.C.Cir.1983)). Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is "time-consuming and justice-defeating." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962) (transfer under the venue statute 28 U.S.C. § 1406).

The approach of *Goldlawr* was adapted to habeas corpus in applying 28 U.S.C. § 2241(d), the provision relating to habeas corpus in a state which contains two or more federal judicial districts. *Gist v. Henderson*, 401 F.Supp. 819 (W.D.N.Y. 1975); *United States ex rel. Ayala v. Tubman*, 366 F.Supp. 1268, 1270 (E.D.N.Y. 1973). These cases are suggestive of what can be done although not precisely on point. Now under 28 U.S.C. § 1631 the same approach can be taken generally in habeas corpus proceedings. J. Liebman, *Federal Habeas Corpus Practice and Procedure* § 10.2(c) (1988).

Although Miller did not move the district court to transfer the case, we have held that "[a] motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions." *McCauley*, 814 F.2d at 1352. We review a district court's refusal to transfer a case under 1631 for an abuse of discretion. *Taylor v. Social Sec. Admin.*, 842 F.2d 232, 233 (9th Cir.1988). A district court's failure to exercise discretion constitutes an abuse of discretion. *Id.*

Here, the district court abused its discretion in failing to determine whether the action could have been brought in the district of Miller's "regular place of incarceration" and whether transfer would have been in the interest of justice. *See id.* However, we need not remand with directions to consider whether the transfer of Miller's action to the Northern District of Texas would be in the interest of justice because "it appears from the record that all considerations relevant to 'the interests of justice' are within our plain view." *McCauley*, 814 F.2d at 1352.

Miller is no longer in the district, but his petition is not mooted if there was jurisdiction at the time of his filing. *Ahrens v. Clark*, 335 U.S. 188, 193, 68 S.Ct. 1443, 1445–46, 92 L.Ed. 1898 (1938). The new transfer statute afforded jurisdiction for the transfer. The district court dismissed Miller's petition without considering whether transfer would be in the interest of justice. Accordingly we reverse the district court's dismissal of Miller's petition and remand the case to the district court

with directions to transfer the petition to the District Court for the Northern District of Texas.

REVERSED and REMANDED with instructions.