51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis Mesa ROCHE, Plaintiff-Appellant,
v.
Barry ALLEN, et al., Defendants-Appellees.
 No. 94-16659.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 29, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Mesa Roche, a Nevada state prisoner, appeals pro se the district court's dismissal for lack of personal jurisdiction of his civil rights action alleging that the Arizona Department of Public Safety and three individual officers violated his fourth amendment rights in connection with the stop and search of his vehicle. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court properly found that it lacked personal jurisdiction over the defendants. See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir.1977). The defendants have no contact with the State of Nevada. All of the defendants reside in or are located in Arizona and the stop and search of Roche's vehicle occurred in Arizona.
 
 
 4
 Although the district court should have considered whether a transfer to the District of Arizona would have been in the interest of justice, see Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir.1990), we need not remand with instructions for the district court to consider the appropriateness of such a transfer because Roche's action is meritless. Roche cannot recover damages on his fourth amendment claim for injuries resulting from his conviction and sentence because he has not demonstrated that his conviction has been invalidated. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Trimble v. City of Santa Rosa, No. 94-15567, slip op. 2645, 2649 (9th Cir. Mar. 9, 1995). To the extent that Roche seeks damages for injuries not resulting from his conviction and sentence, his action is barred by Ariz.Rev.Stat. Sec. 12-502, Arizona's two-year statute of limitations for personal injury actions. See Elliot v. City of Union City, 25 F.3d 800, 802-803 n. 4 (9th Cir.1994); Krug v. Imbordino, 896 F.2d 395, 397 (9th Cir.1990).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3