245 F.3d 1070 (9th Cir. 2001)
 JUAN ANTONIO CRUZ-AGUILERA,Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE,Respondent-Appellee.
 No. 99-71032
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted February 6, 2001
Filed April 4, 2001
 
 [Copyrighted Material Omitted]
 Carolyn Chapman, Coronado, California, for the petitionerappellant.
 Papu Sandhu (argued) and Douglas E. Ginsburg (brief), Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for the respondent-appellee.
 On Petition for Review of an Order of the Board of Immigration Appeals. INS No Add-pcv-ibb
 Before: Harry Pregerson, William C. Canby, Jr., and David R. Thompson, Circuit Judges.
 
 ORDER
 
 1
 This case involves an appeal by a lawful permanent resident of the denial of cancellation of removal. We conclude that we lack jurisdiction under the Immigration and Nationality Act ("INA") S 242(a)(2)(C), 8 U.S.C.S 1252(a)(2)(C). We also determine that transfer of this case to the district court is in the interest of justice. Accordingly, we transfer this case to the district court for further proceedings.
 
 I.
 
 2
 Juan Antonio Cruz-Aguilera, a native and citizen of Mexico, entered the United States in 1977 at age sixteen, and has been a lawful permanent resident since 1982. In 1995, he was convicted of one count of possession of a controlled substance, methamphetamine, in violation of Cal. Health & Safety Code S 11377(a). On January 27, 1999, the Immigration and Naturalization Service ("INS") sent Cruz-Aguilera a notice to appear, charging him with removability under INA S 237(a)(2)(B)(i), 8 U.S.C. S 1227(a)(2)(B)(i) based upon his 1995 conviction.
 
 
 3
 At his removal hearing, Cruz-Aguilera conceded the factual allegations for removal under INA S 237(a)(2)(B)(i) and sought cancellation of removal under INA S 240A(a), 8 U.S.C. S 1229b(a). To qualify for cancellation of removal under S 240A(a), an alien must demonstrate: (1) that she has been a legal permanent resident for five years; and (2) that she has resided continuously in the United States for a period of seven years after admission. INA S 240A(a). INA S 240A(d)(1) provides that the period of continuous physical residence shall be deemed to end when the alien commits an offense enumerated in INA S 212(a)(2), 8 U.S.C. S 1182(a)(2) that renders the alien inadmissible or removable. INA S 212(a)(2)(A)(i)(II) includes violations of controlled substance laws.
 
 
 4
 During his deportation hearing, Cruz-Aguilera testified that he used and possessed methamphetamine in 1988. The Immigration Judge (IJ) concluded that Cruz-Aguilera was statutorily ineligible for cancellation of removal because he was unable to establish the requisite seven years of continuous physical presence, because of his conceded use of methamphetamine in 1988.
 
 
 5
 Cruz-Aguilera appealed the denial of relief to the Board of Immigration Appeals ("BIA"). Cruz-Aguilera argued that he was entitled to cancellation of removal and raised a numberof statutory and constitutional arguments. He contended that his admission of use of methamphetamine did not constitute an admission of the essential elements of a crime relating to a controlled substance. He argued that allowing admissions, rather than proof of convictions, to form the basis of denial of cancellation of removal violated his right to substantive due process. He also challenged the retroactive application of the new cancellation of removal procedures to his case, rather than the criteria formerly available under INA S 212(c).
 
 
 6
 The BIA dismissed Cruz-Aguilera's appeal on July 26, 1999. The BIA affirmed the IJ's ruling that Cruz-Aguilera is not entitled to cancellation of removal, and noted that it does not have the power to rule on the constitutionality of congressional laws. Cruz-Aguilera petitions for review of the BIA's decision, alleging that denial of discretionary relief based on his admission of drug use violated his rights to due process and equal protection.
 
 II.
 
 7
 This court's jurisdiction over Cruz-Aguilera's petition for direct review is governed by INA S 242(a)(2)(C), which states that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . .[INA S 237] (a)(2)(A)(iii), (B), (C) or (D) . . . ." Pursuant to this section, we have jurisdiction to determine whether CruzAguilera has committed a deportable offense, but we must dismiss his petition for direct review for lack of jurisdiction if we conclude that he has. Flores-Miramontes v. INS, 212 F.3d 1133, 1135 (9th Cir. 2000). Because we conclude that Cruz-Aguilera committed a deportable offense covered by INA S 237(a)(2)(B)(i) -possession of a controlled substance -we dismiss his petition for direct review. See, e.g., CastroBaez v. Reno, 217 F.3d 1057, 1059-60 (9th Cir. 2000) (concluding that petitioner fell within the scope of INAS 242(a) (2)(C), and dismissing petition).
 
 
 8
 In his appeal to this court, Cruz-Aguilera requested that we convert his petition for review to a petition for writ of habeas corpus, pursuant to 28 U.S.C. S 2241, if we concluded that we lack jurisdiction on direct review. In Flores-Miramontes, we held that although the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") removed our jurisdiction to consider petitions for review on direct appeal, IIRIRA's permanent rules did not repeal the statutory habeas remedy available via 28 U.S.C. S 2241. Flores-Miramontes, 212 F.3d at 1136-38.[1] The scope of habeas review under S 2241 extends to both constitutional and statutory questions. Id. at 1143. Accordingly, habeas review is available to CruzAguilera. See, e.g., Alvarenga-Villalobos v. Reno, No. C-004291 VRW, 2000 WL 1897302, at *2 (N.D. Cal. Dec. 22, 2000) (retaining jurisdiction over habeas petition in light of Flores-Miramontes where review in the circuit court isunavailable under INA S 242(a)). We grant, therefore, CruzAguilera's request that we treat his petition alternatively as a habeas petition.[2]
 
 
 9
 This court cannot review Cruz-Aguilera's habeas petition, however, because the court of appeals does not have jurisdiction to entertain an original petition for a writ of habeas corpus. See Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992) (en banc). We next consider whether we should transfer CruzAguilera's case to the district court to correct our lack of jurisdiction.
 
 III.
 
 10
 The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C.S 1631. The statute provides,
 
 
 11
 [w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.
 
 
 12
 28 U.S.C. S 1631 (2000).
 
 
 13
 The federal transfer statute is applicable in habeas proceedings. See Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citing J. Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE S 10.2(c) (1988)). Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties. See General Atomics v. United States Nuclear Regulatory Comm'n, 75 F.3d 536, 539-40 (9th Cir. 1996); Miller, 905 F.2d at 262.
 
 
 14
 Transfer is appropriate under S 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Kolek v. Engen, 869 F.2d 1281,1284 (9th Cir. 1989).
 
 
 15
 "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is `time consuming and justice-defeating.' " Miller, 905 F.2d at 262 (quoting Goldlawr, Inc. v. Heiman , 369 U.S. 463, 467 (1962)). When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors. See Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996) (weighing the litigant's good faith where new habeas statute imposed new procedural requirements and concluding transfer warranted); Janicki Logging Co. v. Mateer, 42 F.3d 561, 567 (9th Cir. 1994) (finding that the bad faith actions of the litigant militated against transfer); Kolek , 869 F.2d at 1284 (finding transfer in the interest of justice because litigant was pro se, was not fluent in English, and had limited access to legal research materials in prison).
 
 
 16
 Cruz-Aguilera's case meets all three conditions. This court lacks jurisdiction to hear an original habeas petition. The federal district court, the transferee court, has jurisdiction under 28 U.S.C. S 2241 to hear Cruz-Aguilera's habeas petition. Transfer in this case would serve the interest of justice by preventing unnecessary delay caused by requiring Cruz-Aguilera to re-file. Furthermore, we should not fault Cruz-Aguilera's decision to file his appeal/habeas petition with this court given the complicated jurisdictional questions created by IIRIRA regarding the avenues of direct and habeas review that remain available under INA S 242(a)(2)(C). Compare Mahadeo v. Reno, 226 F.3d 3, 9-10 (1st Cir. 2000) (concluding that S 242(a)(2)(C) forecloses direct review except over the narrow question whether the statute applies, but upholding habeas review), with Richardson v. Reno, 180 F.3d 1311, 1316 n.5 (11th Cir. 1999) (finding that S 242(a)(2)(C) provides judicial review over statutory interpretation and constitutional questions). These difficult questions continue to divide the federal courts of appeals; applicants to this court should not be penalized for the uncertain and complex nature of judicial review in this new post-IIRIRA era.
 
 IV.
 
 17
 Under INA S 242(a)(2)(C), we lack jurisdiction to consider Cruz-Aguilera's petition for direct review because of his 1995 conviction. We also lack jurisdiction over Cruz-Aguilera's habeas petition because the district court alone has jurisdiction over an original habeas petition. Transfer to the district court of Cruz-Aguilera's habeas petition satisfies the requirements of 28 U.S.C. S 1631 because it will cure the jurisdictional defect and is in the interest of justice. Accordingly, we dismiss Cruz-Aguilera's petition for direct review for want of jurisdiction and transfer Cruz-Aguilera's habeas petition to the district court for further proceedings pursuant to 28 U.S.C. S 1631.
 
 
 18
 TRANSFER ORDERED.
 
 
 
 Notes:
 
 
 [1]
 The Supreme Court recently granted certiorari in two Second Circuit cases holding that federal courts retain habeas review under INA S 242(a)(2)(C), even though direct review is foreclosed. See St. Cyr v. INS, 229 F.3d 406 (2d Cir. 2000), cert. granted, ___ U.S. ___, 121 S. Ct. 848, 148 L. Ed. 2d 733 (2001); Calcano-Martinez v. INS, 232 F.3d 328 (2d Cir. 2000), cert. granted, ___ U.S. ___, 121 S. Ct. 849 (Mem), 148 L. Ed. 2d 733 (2001).
 
 
 [2]
 Necessary amendments to perfect the form of the habeas petition can be made in the district court upon transfer.