**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dewey Calvin BAKER, Defendant–**
**Appellant.**

**No. 00–10007.**

**D.C. No. CR 91–20233–JW.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted April 9, 2001.*

Decided April 18, 2001.

Before CANBY, KOZINSKI and RYMER, Circuit Judges.

## MEMORANDUM **

Federal prisoner Dewey Calvin Baker appeals the district court's denial of his Fed.R.Civ.P. 59(e) motion. Baker is challenging the restitution order imposed following his guilty plea to various counts of armed robbery and related crimes, in violation of 18 U.S.C. §§ 2113(a) and (d), 2114, and 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.

Baker's Fed.R.Civ.P. 59(e) motion was untimely as it was filed ten days after the district court denied his motion for modification of the restitution order. *See* Fed. R.Civ.P. 59(e). Nevertheless, we may consider a motion that was untimely under Rule 59(e) as a Fed.R.Civ.P. 60(b) motion. *Gould v. Mutual Life Insurance Company,* 790 F.2d 769, 772 (9th Cir.1986). We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir.1989).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Baker contends that the restitution order originally imposed by the sentencing court was illegal because no finding of fact was made as to his indigency.

The sentencing court need not make factual findings so long as the record reflects that it is aware of the economic circumstances of the defendant. *United States v. Baggett,* 125 F.3d 1319, 1322–23 (9th Cir.1997). The sentencing court record here reflects that the district court was aware that Baker was indigent.

Baker next contends that the Bureau of Prisons neither has the authority to determine the payment schedule, nor to determine the amount of the payments for the repayment of the restitution. This contention challenges the manner of execution of his sentence. The proper method for doing so is through a habeas petition under 28 U.S.C. § 2241 in the district in which he is incarcerated. *United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984). The district court did not have jurisdiction to address this contention because Baker is currently incarcerated in Indiana. Where the district court lacks jurisdiction over a petition brought under § 2241, the court shall transfer the petition to any other court "in which the action could have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir.1990) (quoting 28 U.S.C. § 1631).

We therefore VACATE those parts of the district court's order addressing Baker's claims challenging the manner of execution of his sentence. We REMAND to the district court for the district court to determine if the interests of justice require the transfer of Baker's claims challenging the manner of execution of his sentence to the proper district court. In all other respects, we AFFIRM the district court's order.