UNITED STATES of America,
Plaintiff–Appellee,

v.

Ruben Rosales FLORES, Defendant–
Appellant.

No. 98–50467.
D.C. No. CR–97–00095–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided June 15, 2001.

Before TROTT, THOMAS, and
BERZON, Circuit Judges.

MEMORANDUM *

Ruben Rosales Flores appeals his conviction and sentence for possession with intent to distribute methamphetamine, and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

■ 1. The district court did not abuse its discretion by admitting evidence of Flores' role in the unconsummated cocaine transaction. Flores denied that he had

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

knowledge of, or intent to commit, the charged offenses concerning the sale of methamphetamine. The numerous similarities between the attempted cocaine sale and the methamphetamine sale tend to prove that Flores was aware of the nature of the second transaction. *United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994). As we recently explained, "Rule 404(b) is a rule of inclusion. Unless the evidence of other crimes tends only to prove propensity, it is admissible." *United States v. Rrapi,* 175 F.3d 742, 748 (9th Cir.1999) (internal quotation marks and citations omitted).

2. Nor did the district court err by imposing a two-level sentencing enhancement for obstruction of justice pursuant to Sentencing Guideline § 3C1.1. It was not clearly erroneous for the court to conclude that Flores testified falsely regarding a material matter when he stated that the cocaine transaction was merely a ruse to deceive the confidential informant.

■ 3. The parties dispute whether Flores presented a motion for new counsel before sentencing, and whether the district court denied such a motion. *Compare* Appellee's Answering Brief at 32 ("[T]he only motion for new counsel in this case was a motion for appointment of new counsel on appeal .... This motion was granted by the district court.") *with* Appellant's Reply Brief at 12 ("There is no question on this record that appellant made a motion for substitute counsel not just on appeal but at sentencing.... The record plainly evinces that the court was aware of appellant's request and denied it."). We find it unnecessary to resolve this dispute because we conclude that even if the court denied a request for new counsel at sentencing, as Flores contends, that denial was not an abuse of discretion.

"The denial of a motion to dismiss counsel is a matter resting within the sound discretion of the trial judge." *United States v. Mills,* 597 F.2d 693, 700 (9th Cir.1979). But "the court's discretion is not without limit.... [R]efusal to allow the substitution of attorneys may result in a denial of the constitutional right to effective assistance of counsel if the defendant and his attorney are embroiled in an 'irreconcilable conflict.'" *Id.*

When reviewing the denial of a motion to substitute counsel, "we consider three factors: (1) the timeliness of the motion and the extent of resulting inconvenience or delay; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." *United States v. Musa,* 220 F.3d 1096, 1102 (9th Cir.2000).

Even if Flores did make a timely motion for new counsel before sentencing—a matter we cannot discern with certainty from this record [1]—our consideration of the remaining two factors persuades us that no abuse of discretion occurred. Besides translating and reviewing the various correspondences sent by Flores, the district court conducted a lengthy hearing with ample opportunity for Flores to speak, and inquired of Flores' counsel regarding the

---

1. Although the letters in which Flores initially requested new counsel were not submitted to this court, copies of at least some of those letters were made part of the district court record as "Hearing Exhibit 2" during the sentencing proceeding. We have procured Hearing Exhibit 2 from the district court, and now incorporate it into the appellate record pursuant to Fed. R.App. P. 10(e)(2). It remains unclear, however, precisely which letters were received by the district court before sentencing, and when they were translated from Spanish into English.

nature and extent of the conflict. During the hearing, Flores' attorney stated: "He [Flores] has met with me by phone and in person so our communication is not blocked entirely." Afterwards, the court found "no indication at all that Mr. Flores is unable to cooperate with his attorney," determining instead that Flores sometimes refused to cooperate as a means of protesting his indictment and conviction. Under these circumstances, it was within the court's discretion to conclude that no irreconcilable conflict existed.

AFFIRMED.

THOMAS, Circuit Judge, concurring in part and dissenting in part.

I respectfully disagree that the district court considered and ruled upon Flores' request for substitute counsel. After noting the receipt of various letters from the defendant, the following colloquy occurred:

> [Court:] You have the right to review the probation office report and to discuss that report with your attorney. Did you know that you have that right?

> [Flores:] I have a question. I sent you three or four letters where I was asking for this attorney to be suspended so he would not be my attorney and because he's not helping me at all. The last time he saw right here that I gave it to you.

> [Court:] All right. Listen to my question, sir. Do you know that you have a right to look at the probation office report; do you know that?

Later, the court noted for the record the defendant's non-cooperation with his attorney:

> We're in a situation quite obviously where the defendant is obviously not in agreement with how this matter is going forward. So I'm not going to ask him to agree to anything.

Later, in response to a sentence query about possible downward departure issues, Flores' counsel responded:

> The answer is "no" because Mr. Flores is really not communicating with me in a meaningful way.

It is impossible for me to conclude from that discussion, or from any other part of the record, that the district court actually considered and issued a ruling on Flores' request for new counsel. Although a decision to deny new counsel might well have been entirely proper, a district court must respond to the request. " 'A district court's failure to exercise discretion constitutes an abuse of discretion." ' *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1027 (9th Cir.2000) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990)). I can not discern any ruling, much less "such necessary inquiry as might ease the defendant's dissatisfaction, distrust and concern." *Hudson v. Rushen*, 686 F.2d 826, 829 (9th Cir.1982).

Therefore, I must respectfully dissent on the question of the adequacy of the district court's consideration of Flores' motion for substitute counsel. In all other respects, I concur.