**Robert G. ESTRADA, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–16441.

D.C. No. CV–S–00–01001–RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Robert G. Estrada, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we vacate and remand with instructions to construe the petition as one filed pursuant to 28 U.S.C. § 2255 and transfer the matter to the Southern District of California.

Estrada contends that his sentence is invalid because the district court judge amended the sentence in violation of Federal Rules of Criminal Procedure Rules 35 and 36. Estrada is challenging the validity of the sentence and not the execution of the sentence. Accordingly, the district court is correct that it lacked jurisdiction because the appropriate remedy is a § 2255 petition filed in the sentencing court. *See Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir.2000) (per curiam).

In the interests of justice, however, we vacate the district court's dismissal of Estrada's § 2241 petition, and we order the court to recharacterize the motion as a § 2255 petition given Estrada's consent on November 1, 2001, and to transfer the matter to the Southern District of California. 28 U.S.C. § 2255; 28 U.S.C. § 1631; *see also United States v. Seesing,* 234 F.3d 456, 464 (9th Cir.2001); *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir.1990) (under 28 U.S.C. § 1631, if a district court finds it lacks jurisdiction, it must transfer habeas corpus proceeding to the appropriate court when such transfer is in the interests of justice).

**VACATED AND REMANDED with instructions.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.