Peter T. HARRELL, Plaintiff—
Appellant,

v.

Gust KEPREOS; et al., Defendants—
Appellees.

No. 05–35470.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Filed March 16, 2006.

Peter T. Harrell, Yreka, CA, pro se.

James Wallan, Cowling, Heysell, Plouse, Ingalls, & Moore, Medford, OR, for Defendants—Appellees.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Peter T. Harrell appeals pro se from the district court's judgment dismissing his diversity action on the ground that the court lacked personal jurisdiction over the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's determination that it does not have personal jurisdiction over a de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fendant. *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1108 (9th Cir.2002). We review both a denial of leave to amend and a denial of jurisdictional discovery for an abuse of discretion. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) (leave to amend); *Data Disc, Inc. v. Systems Technology Assocs., Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir.1977) (discovery). We affirm, and remand with instructions to transfer this case to the Eastern District of California.

■ The district court correctly determined that it lacked personal jurisdiction over defendants. Harrell's contention that defendants' motion for sanctions, filed in conjunction with their motion to dismiss, is sufficient to confer specific jurisdiction over defendants lacks merit. *See Wright v. Yackley,* 459 F.2d 287, 291 (9th Cir. 1972).

■ The district court also properly rejected Harrell's requests for leave to amend his complaint and for permission to take jurisdictional discovery to show defendants are subject to the district court's general jurisdiction. Even assuming defendants' vehicles are registered in Oregon and they own property located in Oregon, these activities are not substantial or continuous and systematic enough to meet the high standard of general jurisdiction. *See Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1169 (9th Cir.2006) (for general jurisdiction to attach, a defendant's contacts with the forum must approximate physical presence).

■ Pursuant to 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]" Here, the

district court abused its discretion in failing to determine whether the action could have been brought in the Eastern District of California and whether such transfer would be in the interest of justice. *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir. 1990) (a district court's failure to exercise its discretion under section 1631 constitutes an abuse of discretion). We need not remand for consideration of this issue, however, because it appears from the record that transfer of this action to the Eastern District of California would be in the interest of justice. *See id.* ("Normally transfer will be in the interest of justice because normally dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating") (citation omitted).

Accordingly, we affirm the district court's decision that it lacked personal jurisdiction over the defendants, and remand with instructions to transfer this case to the Eastern District of California.

**AFFIRMED; REMANDED with instructions to TRANSFER to the Eastern District of California.**