Raul **RAMIREZ,** Petitioner–Appellant,

v.

Ginny **VAN BUREN,** Respondent–Appellee.

No. 03–16921.

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Raul Ramirez, Safford, AZ, pro se.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Raul Ramirez appeals from the district court's judgment dismissing his pro se 28 U.S.C. § 2241 habeas petition, challenging his guilty-plea conviction of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841 and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramirez contends that the district court erred in failing to construe his 28 U.S.C. § 2241 as a 28 U.S.C. § 2255 motion and transfer it pursuant to 28 U.S.C. § 1631 to the District of Nevada. We disagree.

The district court based its determination, in part, on its finding that it was not clear that the 28 U.S.C. § 2255 motion was filed within the one-year statute of limitations. The district court was required, however, to make a determination of whether the motion was actually timely as part of its considerations under § 1631. *See Taylor v. Social Sec. Admin.*, 842 F.2d 232, 233 (9th Cir.1988) (in determining whether "to transfer an action pursuant to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

section 1631, the district court must consider whether the action would have been timely if it had been filed in the proper forum on the date filed").

 Even if the district court erred by not making this determination, however, remand is not necessary if "it appears from the records that all the considerations relevant to 'the interest of justice' are within our plain view." *See In re McCauley,* 814 F.2d 1350, 1352 (9th Cir. 1987). Here, Ramirez's 28 U.S.C. § 2241 petition would not have been within the one-year statute of limitations even if it had been properly filed in the Nevada District Court. Ramirez did not argue to the district court, and does not assert on appeal, that he was entitled to equitable tolling.

Thus, the district court properly declined to transfer the petition.

**AFFIRMED.**