NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN TACKETT, individually, as Personal Representative of the Estate of Robbie Ann Tackett, and as Guardian of Minor Children G.T. and G.T., | No. 22-35326 |
| Plaintiff-Appellant, | D.C. No. 9:21-cv-00037-BMM |
| and | MEMORANDUM* |
| KAITLYN OWEN, | |
| Plaintiff, | |
| v. | |
| MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES; et al., | |
| Defendants-Appellees, | |
| and | |
| XAVIER BECERRA, Secretary of the United States Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, | |
| Defendants. | |

Appeal from the United States District Court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Argued and Submitted May 17, 2024
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and KANE,** District Judge.

Brian Tackett's wife, Robbie Ann Tackett, died of cardiac arrest in 2019. In the eighteen months leading to her death, she was treated for a heart condition by various hospitals and doctors. After his wife's death, Tackett sued various defendants for a variety of tort, statutory, and constitutional claims. The district court dismissed the entire complaint.

On appeal, the parties dispute (1) whether the district court in Montana correctly determined that it could not exercise personal jurisdiction over defendants Providence Sacred Heart Medical Center and Dr. Kavitha Chaganur, both of whom are located and provided services in Washington, and (2), if so, whether the court should have transferred rather than dismissed Tackett's claims against these defendants.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part,

---

** The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[1] Tackett also argues that his Montana state law claims against the Montana defendants should be revived under 28 U.S.C. § 1367(a). Because we hold that the district court properly found that it lacked personal jurisdiction over Providence and Dr. Chaganur and properly declined to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, we need not reach this issue. Tackett does not

vacate in part, and remand.

1. The district court correctly determined that it lacked personal jurisdiction over Providence and Dr. Chaganur. Where "no applicable federal statute" governs personal jurisdiction, district courts apply "the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). We review a district court's decision to dismiss for lack of personal jurisdiction de novo. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003) (citation omitted). Tackett argues that Montana law permits jurisdiction over the Washington defendants because Montana's long-arm statute authorizes the exercise of personal jurisdiction "as to any claim for relief arising from . . . the transaction of any business within Montana." Mont R. Civ. P. 4(b)(1)(A). But because neither Providence nor Dr. Chaganur transacted business within Montana, they are not subject to the personal jurisdiction of the Montana federal district court. The defendants here did not sell products or services in Montana. Rather, the medical services provided to Mrs. Tackett were rendered entirely in Washington state. *See Threlkeld v. Colorado*, 16 P.3d 359, 363–64 (Mont. 2000). Even if we were to assume that Tackett properly alleged that Providence advertised in Montana, his medical malpractice claims here do not arise

---

otherwise challenge on appeal the district court's dismissal of his claims against the Montana-resident defendants.

3

from those alleged advertisements. *See id*. at 364. Nor has Tackett provided a sufficient basis for his request for a remand to conduct jurisdictional discovery. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864–65 (9th Cir. 2022).

2. <u>The district court is directed to sever and transfer Tackett's claims against Providence and Dr. Chaganur to Washington.</u> "The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). "We review a district court's refusal to transfer a case under [§] 1631 for an abuse of discretion." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citation omitted).

Tackett requested in the alternative that the district court transfer his claims to federal court in the defendants' home state of Washington. The district court did not rule on this request. Here, if Tackett's claims against the Washington defendants had been brought in Washington, a court there would have had jurisdiction over them. *See Munns v. Kerry*, 782 F.3d 402, 414–15 (9th Cir. 2015). We further conclude that transfer of these claims would be in the interest of justice. 28 U.S.C. § 1631. We therefore direct the district court on remand to sever the claims against Providence and Dr. Chaganur, Fed R. Civ. P. 21, and transfer them to the United States District Court for the Eastern District of Washington. *See Munns*, 782 F.3d at 414–15.

4

**AFFIRMED in part; VACATED in part; and REMANDED.[2]**

---

[2] The parties shall bear their own costs on appeal.