Alan J. WHITE, Plaintiff,

v.

OFFICE OF PERSONNEL MANAGE-MENT, Constance Horner, as Director, Office of Personnel Management, and Craig B. Pittibone, As Assistant Director for Administrative Law Judges, Staffing Group Office of Personnel Management, Defendants.

Civ. A. No. 85–3016.

United States District Court, District of Columbia.

Oct. 9, 1986.

Alan J. White, pro se.

Jeffrey Hunter Moon, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

This matter comes before the Court on the Motion of Defendant Office of Personnel Management to dismiss or in the alternative for summary judgment.[1] Upon consideration of the motion, to which there was no opposition, this Court shall dismiss Plaintiff's Complaint pursuant to Fed.R. Civ.P. 12(b)(6).

This case is one of an "interlocking series of cases" (that) "has gone on far too long." *White v. Office of Personnel Management,* 787 F.2d 660 at 666 (D.C.Cir. 1986). In this case, Plaintiff claims that Defendant intentionally and willfully violated the Privacy Act in its handling of his application to be an Administrative Law Judge. Basically, Plaintiff claims that Defendant erroneously refused to consider several of his recommendations until after he won an administrative appeal. By the time the appeal was decided, the applicant pool had changed and Plaintiff's relative position in the pool was not what it would have been had Defendant considered his recommendations initially. It is Plaintiff's contention that this appeal process and subsequent change of his score indicates a willful and intentional violation of the Privacy Act.

Even without reference to matters outside of the complaint, it is clear that Plaintiff has failed to state a claim upon which relief can be granted. His attempt to turn an administrative appellate procedure into a willful and intentional violation of the Privacy Act is clearly unsupportable and irrational. Additionally, as a matter of

---

1. Defendants Horner and Pittibone also move to dismiss the complaint insofar as it is brought against them in their individual capacities. There is no reason for the Court to believe that these individuals are so sued. The complaint clearly states that these individuals are named in their official capacities only.

law, Defendant's provision entitled "Lost Opportunity Through Fault of the Commission," does not contemplate that the "fault" which triggers the provision's "lost certification" procedures includes the amendment of an applicant's scores after a successful appeal. *Federal Personnel Manual,* Chapter 332, Subchapter 4–3.2(2). Finally, Plaintiff's complaint does not allege that Defendant's initial personnel determination was made on the basis of improper records. Instead, Plaintiff claims that the original scores he received were correct in terms of what Defendant considered, but that Defendant did not consider enough. This allegation is not sufficient to sustain a damage action under the Privacy Act.

An appropriate Order accompanies this Memorandum.

### ORDER

It is by the Court this 9th day of October, 1986,

ORDERED, that Defendant's Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED, that Plaintiff's Motion for Leave to File Amended Complaint, to Strike Affidavit, to Compel Discovery, and for Other Relief is DENIED as moot.