**Alan J. WHITE, Appellant,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, et al.,**
**Appellees.**

**No. 87–7026.**

United States Court of Appeals,
District of Columbia Circuit.

Feb. 26, 1988.

Alan J. White, pro se, was on appellant's Motion for Summary Reversal.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Michael J. Ryan and Eileen M. Houghton, Asst. U.S. Attys. and Elizabeth D. Dyson, Atty., Office of Personnel Management, Washington, D.C., were on the brief for appellees.

Before ROBINSON and D.H. GINSBURG, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

ON MOTIONS FOR SUMMARY AF-
FIRMANCE AND SUMMARY
REVERSAL

PER CURIAM:

On September 23, 1985, appellant Alan White, an attorney proceeding *pro se,* filed suit in the district court, 664 F.Supp. 1 against appellee Office of Personnel Management ("OPM"), Constance Horner (Director of OPM), and Craig Pettibone (Assistant OPM Director for Administra-

tive Law Judges).[1] The complaint, brought pursuant to the Privacy Act, 5 U.S.C. § 552a (1982) ("the Act"), sought money damages for willful violation of the Act.

White's claim can be briefly summarized. In the course of applying to OPM's Office of Administrative Law Judges ("OALJ" or "the agency") for a position as an administrative law judge ("ALJ") in 1980, White listed three references on his Standard Form 171. The agency did not contact those references. After White learned that he had been given a score that was just below that necessary to qualify him for certification for an available position, he complained, through the proper grievance procedure, that the agency had failed to contact his references and that, had it done so, his scores would have been higher. On administrative appeal, the agency was instructed to contact the references. It did so, and as a result added what would have been a crucial two points to White's score, but by then three years had passed. In the meantime, new applicants had appeared, and a new ALJ exam was instituted in June of 1984. White was not allowed to complete the new examination process because his score on the initial portion was too low to qualify for a position in the Washington, D.C. area to which White had limited himself.

White claimed that he should get compensation both for the agency's original failure to contact the listed references and for its failure later to give him compensation (in the form of priority consideration for later job openings) for the "lost opportunity" caused by the agency's alleged improper procedures.

The government moved for dismissal for failure to state an actionable claim or, in the alternative, for summary judgment. The government argued that, since only an "intentional" or "willful" violation of the Privacy Act could sustain an action for damages, White's complaint, which did not suggest any intentional or willful violation

of the Act, failed to state an actionable claim. According to the government, the mere fact that the agency's exercise of discretion in not originally contacting White's references, was later determined to be error, did not amount to an actionable violation of the Act. The government also argued that OPM was not obliged by its rules to give priority consideration under the "lost opportunity" policy to White, because such priority consideration was given only where OPM was at fault, and no such fault had been shown here.

White failed to respond to the government's motion. The district court granted the motion to dismiss on October 9, 1986. The court held that White was attempting "to turn an administrative appellate procedure into a willful and intentional violation of the Privacy Act" and that that attempt was "clearly unsupportable and irrational." Mem.Op. at 2. In addition, the court held that OPM's "lost opportunity" procedure required a prior finding of fault on the part of OPM, and that amendment of scores as the result of an administrative appeal did not constitute a finding of fault.

White moved to amend the judgment, pursuant to Fed.R.Civ.P. 59(e) and to transfer the case to another judge. He alleged that the district court had considered matters outside the complaint so that the court was required to treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56, not for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Under Rule 56, according to White, he had the right to discovery in order to obtain evidence under the exclusive control of OPM.

White also stated that "[i]t is clear from both historic and current perspectives that the Court is unable or unwilling to resolve any dispute between White and the OPM in a fair and impartial manner." Mem. in Support of Motion to Alter or Amend at 8. He specifically alleged that the district court judge had prejudged the case.

---

1. Except for their inclusion in the caption of the complaint, the individual appellees are virtually never mentioned in the record. White later moved to amend the complaint, in order, *inter alia,* to drop the two individuals from the cap-

tion. That motion was denied as moot when the district court granted the motion to dismiss. Because appellant does not raise his claims against the individual appellees on appeal, we do not address those claims.

On November 9, 1986, the court denied White's motion to amend judgment and to transfer the case to another judge. White filed a timely notice of appeal. Both sides then moved for summary disposition: White for summary reversal, and the government for summary affirmance.[2]

\* \* \* \* \* \*

██ White does not dispute that dismissal of a damages claim under the Privacy Act is proper where the complaint fails to allege each of the elements of such a claim. The three key elements here are (1) the agency's failure to maintain sufficiently complete files, (2) adverse agency action resulting from the incompleteness of the records, and (3) the willful or intentional manner of the agency action. 5 U.S.C. §§ 552a(g)(1)(C), (4).

White claims that the agency failed to maintain his application file with the completeness necessary to assure fairness to him, in violation of subsection (e)(5) of the Act, 5 U.S.C. § 552a(e)(5), and that he was harmed as a result.[3] Regardless of whether the agency's admitted failure to solicit evaluations from White's three references and any injury to White which resulted from that failure met the requirements of the first and second elements—which the agency disputes—White could avoid dismissal of his complaint only if he also presented some factual basis to support his allegation of willful or intentional conduct on the part of the agency. Cf. Hill v. United States Air Force, 795 F.2d 1067, 1070 (D.C. Cir.1986) (same, with respect to motion for summary judgment). This case therefore turns on the third element, the statutory provision that damages may be awarded only if "the court determines that the agency acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4).

There is, of course, no dispute that the agency acted "intentionally" and "willfully" in the generic sense of those words: the agency does not suggest that the decision not to solicit the references was unintentional or involuntary. White appears to assume that, so long as the agency action was not the result of oversight, the standard of § 552a(g)(4) has been met.

That assumption of White's to the contrary notwithstanding, the words "intentional" and "willful" in § 552a(g)(4) do not have their vernacular meanings; instead, they are terms of art. This court has interpreted them to set a standard that is "somewhat greater than gross negligence." Hill, 795 F.2d at 1070. Specifically, "[s]ection 552a(g)(4) imposes liability only when the agency acts in violation of the Act in a willful or intentional manner, either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." Albright v. United States, 732 F.2d 181, 189 (D.C.Cir.1984). Nothing in the complaint (or in later filings) suggests that the agency acted without grounds for believing its action to be lawful or that it flagrantly disregarded White's rights under the Privacy Act.

██ The only argument that White offers as to willfulness or intent is that the agency intentionally failed to solicit the three evaluations despite a requirement in the "Rating Schedule" that it do so. A plain failure to comply with established policy might constitute "willful" or "intentional" conduct actionable under § 552a(g)(4). The agency contends, however, that it has discretion to solicit references or not, as it decides.[4] White admits that the agency

2. White also seeks remand of the action to a different judge of the district court. We do not address that request, because the order of summary affirmance renders moot White's objection to remand to the same district court judge.

3. The subsection provides that each agency that maintains a system of records shall "maintain all records which are used in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as

is reasonably necessary to assure fairness to the individual in the determination."

4. According to the agency, the decision not to solicit the references in this case was the result of an oral agreement between White and an agency official that the three references would not be contacted. White disputes the existence of such an agreement.

88

has discretion in the solicitation of references, but insists that the agency is required by its "Rating Schedule" to solicit the references listed by applicants on their Standard Form 171. Reply to Motion for Summary Affirmance at 3–4. Yet he alludes to no reason to suspect that the agency acted in bad faith or in disregard for White's rights under the Act or without grounds for believing the conduct was lawful. Whether or not the agency was correct in deciding not to contact White's references is therefore irrelevant: there is no basis anywhere in the complaint for concluding that the agency's action was "intentional" or "willful," as those terms have been defined in the case law.

*     *     *     *     *     *

White nowhere makes allegations that meet the Act's standard of agency action taken in flagrant disregard of White's rights under the Act or without grounds for believing the action to be lawful. Because this element of a Privacy Act damages claim was lacking in the complaint, the district court properly held that White had failed to state a claim under 5 U.S.C. § 552a(g)(4).

Because dismissal was so plainly warranted in this case we grant appellees' motion for summary affirmance. *See Sills v. Bureau of Prisons*, 761 F.2d 792, 793–94 (D.C.Cir.1985).