79 F.3d 531
 11 IER Cases 934
 Ross V. MOUNT, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Louisville Division; Clara V.
Comer, M.D.; Robert Diehl; Don Warren; Richard Green,
also known as John Doe; Lynn Miller; Roger Cecil; Hunter
Grace; Dennis Patti; Kenneth Alsup, Defendants-Appellees.
 No. 94-6385.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 6, 1996.
Decided March 28, 1996.
 
 On Appeal from the United States District Court for the Western District of Kentucky; Charles M. Allen, Senior District Judge.
 Genon G. Hensley (briefed), Bedford, KY, Thomas M. Dattilo (argued and briefed), Madison, IN, for plaintiff-appellant.
 Robert D. Kamenshine (argued and briefed), Leonard Schaitman, U.S. Department of Justice, Appellate Staff, Civ. Div., Washington, DC, for defendants-appellees.
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; GILMORE, District Judge.*
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 Plaintiff Ross Mount brought suit against his former employer, the United States Postal Service ("USPS"), and several individuals who work for or with the USPS, alleging that they released confidential medical information concerning plaintiff in violation of the Privacy Act, 5 U.S.C.A. § 552a (West 1977 & Supp.1995). The District Court held that plaintiff failed to present sufficient evidence of an intentional or willful violation of the Privacy Act and dismissed the action. Plaintiff appeals from the grant of summary judgment in favor of the USPS.
 
 
 2
 We conclude that the entry of summary judgment was proper and therefore affirm.
 
 BACKGROUND
 
 3
 Plaintiff worked as a custodian for the USPS, Louisville Division, in Scottsburg, Indiana. He became angry over a matter at work and, on March 20, 1992, met with the postmaster, Kenneth Alsup. The USPS contends that during this meeting plaintiff expressed hostility towards his working environment and co-workers, and that Alsup recommended counseling to plaintiff. Plaintiff maintains that he informed Alsup of his intention to file a complaint with the USPS regarding the working conditions in the Scottsburg post office.
 
 
 4
 On March 24, 1994, plaintiff met with Robert Diehl, supervisor of the Employee Assistance Program ("EAP").[1] At this meeting, the USPS contends that plaintiff appeared to be angry and hostile, and that he indirectly threatened a co-worker, Kathy Munden. Diehl referred plaintiff to Jefferson Hospital for a psychiatric evaluation, but plaintiff refused the hospital's assistance.
 
 
 5
 A subsequent incident occurring approximately two months later caused Alsup to be concerned with plaintiff's mental health. As a result, Alsup placed plaintiff on administrative leave and ordered him to undergo a fitness-for-duty examination. This exam was to be performed by Dr. Clara Comer, a physician under contract with the USPS. Plaintiff refused, submitting instead a fitness-for-duty statement by a private physician. Because the physician was not a psychiatrist, Dr. Comer accepted the statement solely as proof of plaintiff's physical condition.
 
 
 6
 Dr. Comer reported her findings to Richard Green, manager of the Health and Safety Office in the Louisville Division, and to Don Warren, manager of the Louisville Division's Labor Relations Office. After plaintiff failed to present sufficient evidence of his mental stability, the USPS began proceedings to place plaintiff on an enforced leave of absence.
 
 
 7
 Dennis Patti, acting director of Field Operations in the Louisville Division and the employee charged with determining plaintiff's leave status, obtained plaintiff's labor relations file. Subsequently, Patti made this file available to William Brinley, plaintiff's union representative.
 
 
 8
 Plaintiff filed suit in federal court claiming numerous violations of the Privacy Act by the USPS and various named individuals. Plaintiff alleged violations based upon the repeated disclosure of information contained in his medical records and/or the actual release of portions of the records themselves to nonmedical personnel in the course of determining whether plaintiff was fit for duty.
 
 
 9
 The District Court dismissed the various named individuals, holding that only an agency can be civilly liable under § 552a. In addition, the District Court held that plaintiff failed to present sufficient evidence that the USPS had acted with the required intent or willfulness. Plaintiff appeals only the grant of summary judgment to the USPS.
 
 ANALYSIS
 
 10
 We review the District Court's grant of summary judgment de novo. Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir.1994). Summary judgment is proper if the record, when viewed in the light most favorable to the nonmoving party, shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); Akers v. Palmer, 71 F.3d 226, 229 (6th Cir.1995).
 
 
 11
 In opposing a properly supported motion for summary judgment, the nonmoving party must set forth sufficient specific evidence to permit a fair-minded jury to return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).
 
 
 12
 Plaintiff contends that there is a question of fact as to whether the USPS intentionally or willfully released information in his medical file in violation of the Privacy Act. The USPS counters that the Privacy Act clearly permitted each disclosure.
 
 
 13
 Subject to certain exceptions, the Privacy Act, 5 U.S.C.A. § 552a, restricts the disclosure of information contained in government records. Section 552a(b) provides in relevant part:
 
 
 14
 No agency shall disclose any record which is contained in a system of records ... except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be--
 
 
 15
 (1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties;
 
 
 16
 ....
 
 
 17
 (3) for a routine use....
 
 
 18
 An adversely affected individual may file a civil action against an agency that violates the provisions of the Privacy Act. 5 U.S.C.A. § 552a(g)(1). To recover damages, the plaintiff must show that the agency acted "intentionally" or "willfully," which is a standard "somewhat greater than gross negligence." White v. Office of Personnel Management, 840 F.2d 85, 87 (D.C.Cir.1988) (per curiam) (quotations and citation omitted); see Rose v. United States, 905 F.2d 1257, 1260 (9th Cir.1990). An agency acts intentionally or willfully "either by committing the act without grounds for believing it to be lawful, or flagrantly disregarding others' rights under the [Privacy] Act." Wilborn v. Department of Health & Human Servs., 49 F.3d 597, 602 (9th Cir.1995) (quotations and citation omitted); see Andrews v. Veterans Admin., 838 F.2d 418, 425 (10th Cir.), cert. denied, 488 U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 35 (1988).
 
 
 19
 We conclude that each of the intra-USPS disclosures had some basis in the "need to know" exception, § 552a(b)(1). Alsup, Comer, Green, Warren, and Patti were all employees or agents of the USPS with responsibilities for making employment and/or disciplinary decisions regarding plaintiff. In light of the questions surrounding plaintiff's mental stability, each had at least an arguable need to access the information in plaintiff's medical records. See Hernandez v. Alexander, 671 F.2d 402, 410 (10th Cir.1982) (concluding that the need to know exception authorizes disclosure where the records are necessary to make disciplinary decisions regarding the employee to whom the records pertain). Plaintiff has introduced no evidence to suggest that any of the USPS employees or agents acted with a "flagrant disregard" for his rights.
 
 
 20
 Similarly, the disclosure to Brinley, the union official representing plaintiff, had a basis in the "routine use" exception, § 552a(b)(3). The published list of routine uses applicable to the USPS provides, inter alia, for disclosure "to a labor organization upon its request when needed by that organization to perform properly its duties as the collective bargaining representative of postal employees in an appropriate bargaining unit." Privacy Act of 1974; Systems of Records, 54 Fed.Reg. 43,652, 43,655 (1989). The issue raised by this published routine use is whether the disclosed information is relevant to the union representative's actions in grievance proceedings. NLRB v. United States Postal Serv., 841 F.2d 141, 144-45 n. 3 (6th Cir.1988). Here, plaintiff's mental health was a central issue in the administrative action against plaintiff; the release of such records to Brinley falls squarely with the routine use exception.
 
 
 21
 Plaintiff also contends that at least some of the disclosures by various USPS employees were in fact motivated by a desire to retaliate against plaintiff for threatening to file a complaint about the working conditions in the Scottsburg post office. In Henson v. National Aeronautics & Space Admin., 14 F.3d 1143 (6th Cir.), modified, 23 F.3d 990 (6th Cir.1994), the plaintiff alleged that one of her superiors caused information in her medical records to be disclosed in retaliation for a prior disagreement between the two. The court reversed a grant of summary judgment, holding that a material issue of fact existed in light of evidence that a physician had been ordered to disclose the information at issue against the physician's will. Id. at 1149. Here, unlike in Henson, there is no proof that any of the disclosures were retaliatory. Plaintiff has offered nothing more than unsubstantiated speculation. The District Court did not err in granting summary judgment.
 
 CONCLUSION
 
 22
 For the foregoing reasons, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The Employee Assistance Program is a USPS-sponsored program which provides counseling to postal employees and their families regarding drug, alcohol, and/or other personal problems that could or had a negative impact on the employee's work performance