### Alan STOKES, Plaintiff

v.

### Jo Anne BARNHART, Commissioner of Social Security,

and

### Regina Brooks, Defendants

### No. 02–103–PH.

United States District Court, D. Maine.

April 2, 2003.

---

Cynthia A. Dill, South Portland, ME, for Alan Stokes, Plaintiff.

Evan Roth, Office of the U.S. Attorney, Portland, ME, for Social Security Administration Commissioner, Defendants.

### ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, District Judge.

The United States Magistrate Judge filed with the court on March 13, 2003, with copies to counsel, his Memorandum Decision on Defendants' Motion to Substitute and Plaintiff's Motion to Amend Complaint and Recommended Decision on Defendants' Motions to Dismiss and for Summary Judgment. The time within which to file objections expired on March 31, 2003, and no objections have been filed. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED. The defendants' motion to dismiss is GRANTED except as to the claim for intentional infliction of emotional distress set forth in Count II of the Amended Complaint. The motion for summary judgment on that claim is DENIED.

So ORDERED.

### MEMORANDUM DECISION ON DEFENDANTS' MOTION TO SUBSTITUTE AND PLAINTIFF'S MOTION TO AMEND COMPLAINT AND RECOMMENDED DECISION ON DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

DAVID M. COHEN, United States Magistrate Judge.

The defendants, the commissioner of Social Security and an individual employee of the Social Security Administration, move to substitute the United States as the defendant on counts I–V of the amended complaint, to dismiss counts I–VI and, in the alternative, for summary judgment on counts I–V. The plaintiff has moved for leave to amend the amended complaint. I grant the motion to substitute in part and recommend that the court grant in part the motions to dismiss or for summary judgment. I grant in part the motion for leave to amend.

### I. The Motion to Substitute

Count I of the amended complaint alleges that the defendants have violated 5 M.R.S.A. § 19201 *et seq.*[1] Amended Complaint (Docket No. 2) ¶ 13. Count II alleges that the defendants intentionally and/or negligently inflicted emotional distress on the plaintiff. *Id.* ¶ 14. In Count III the plaintiff alleges that the defendants violated the Rehabilitation Act, 29 U.S.C. § 701 *et seq. Id.* ¶ 15. Count IV alleges that the defendants breached an unspecified duty of care. *Id.* ¶ 16. Count V alleges an invasion of the plaintiff's privacy by the defendants. *Id.* ¶ 17. Count VI asserts that defendant Brooks violated the plaintiff's right to privacy under the federal constitution. *Id.* ¶ 18. The defendants seek to substitute the United States as the sole defendant on Counts I–V. Motion to Substitute, Dismiss and/or for Summary Judgment, etc. ("Defendants' Motion") (Docket No. 9) at 5.

The applicable statute provides, in relevant part, that in actions brought pursuant

---

[1]. The amended complaint mistakenly cites "5 M.R.S.A. § 501." Plaintiff's Response to Defendants' Motion to Substitute, Dismiss and/or for Summary Judgment ("Plaintiff's Response") (Docket No. 17) at 3 n. 1.

to 28 U.S.C. §§ 1346(b)[2] and 2672,

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action ... commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The United States Attorney for this district has provided such a certification in this case. Certificate of Scope of Employment (Docket No. 11). The plaintiff does not object to the motion with respect to Counts I, II, IV and V, Plaintiff's Response at 1, and the motion accordingly is granted as to those counts.

▄ The plaintiff objects to the motion to substitute with respect to Count III, contending that only the head of a department may be sued under the Rehabilitation Act, the statutory basis for that count, citing 29 U.S.C. §§ 794 and 794(a)(2). *Id.* The defendants agree. Reply to Plaintiff's Response to the Motion to Substitute, Dismiss and/or for Summary Judgment ("Defendants' Reply") (Docket No. 21) at 2. Accordingly, the motion to substitute is denied as to Count III, which should be dismissed as to defendant Brooks.

## II. The Motion to Dismiss

### A. Applicable Legal Standard

The motion to dismiss invokes Fed. R.Civ.P. 12(b)(6). Defendants' Motion at 6, 7, 12. "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor." *Pihl v. Massachusetts Dep't of Educ.,* 9 F.3d 184, 187 (1st Cir.1993). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso,* 96 F.3d 566, 569 (1st Cir.1996); *see also Tobin v. University of Maine Sys.,* 59 F.Supp.2d 87, 89 (D.Me.1999).

### B. Factual Allegations

The amended complaint includes the following relevant factual allegations. The plaintiff was a cancer patient at Maine Medical Center in Portland, Maine in the fall of 2000. Amended Complaint ¶ 7. At all relevant times the plaintiff had the human immunodeficiency virus ("HIV"). *Id.* ¶ 8. The individual defendant worked for the Social Security Administration, *id.* ¶ 9, and in that capacity visited the plaintiff on or about September 20, 2000 in the hospital to discuss his supplemental security income benefits. *Id.* ¶¶ 9–10. During their conversation, Andrea Robinson unexpectedly enter the plaintiff's room. *Id.* ¶ 10. The plaintiff expressed surprise. *Id.* Moments later the individual defendant, as she was leaving the room, said, "When your HIV status turns to full-blown AIDS you need to notify the office." *Id.*

Shortly thereafter Robinson told two or more individuals that the plaintiff had AIDS. *Id.* ¶ 11. The plaintiff has suffered damages as a result of the individual defendant's disclosure of confidential medical information to Robinson. *Id.* ¶ 12.

### C. Discussion

▄ With respect to Count I, the defendants contend that the amended complaint does not allege a violation of the state statute it invokes. Defendants' Motion at 6.

---

**2.** This action is brought pursuant to 28 U.S.C. § 1346(b). Amended Complaint ¶ 2.

Specifically, the relevant statute provides, in pertinent part: "No person may disclose the results of an HIV test, except as follows...." 5 M.R.S.A. § 19203. The defendants argue that the amended complaint cannot reasonably be read to allege that Brooks disclosed the results of an HIV test. An "HIV test" is defined as "a test for the presence of an antibody to HIV or a test for an HIV antigen or other diagnostic determinants specific for HIV infection." 5 M.R.S.A. § 19201(4–A). The plaintiff responds that "[i]t is reasonable to infer from the facts as alleged ... that the defendants' information about [the plaintiff's] HIV was based on test results that were contained in his medical records." Plaintiff's Response at 5. Even if such an extension of the language of the statute were permissible, the amended complaint does not allege sufficient facts to allow such an inference to be drawn. The plaintiff might have informed hospital personnel of his HIV status upon admission to the hospital for cancer treatment, in which case no HIV testing would be reported in his medical records. There is no allegation that Brooks reviewed the plaintiff's medical records. The inference posited by the plaintiff is not reasonably drawn under the circumstances, given the facts alleged in the amended complaint. The substituted defendant is entitled to dismissal of Count I.

With respect to Count II, the defendants contend that the amended complaint fails to allege sufficient facts to establish liability or damages for intentional or negligent infliction of emotional distress. Defendants' Motion at 7–11. The plaintiff responds that "[i]t is reasonable to infer, based on the facts alleged, the case law and the enactment of statutes such as the Medical Conditions Act that disclosures of the type described cause significant and profound damage." Plaintiff's

Response at 6. Of course, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court looks only to the allegations in the complaint. Here, the allegations relevant to Count II are set forth in paragraphs 10 and 12 of the amended complaint, alleging that Brooks wrongfully revealed the plaintiff's HIV status to Robinson and that as a result "the plaintiff has been isolated, depressed, anxious, embarrassed and his relationships with family and friends have been adversely impacted." Under Maine law, the elements of a claim for intentional infliction of emotional distress are that

(1) the [defendant] acted intentionally, recklessly or was substantially certain that severe emotional distress would result from its conduct; (2) the [defendant's] conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the [defendant's] conduct caused [the plaintiff] emotional distress; and (4)[his] emotional distress was so severe that no [man] reasonably could be expected to endure it.

*Gray v. State,* 624 A.2d 479, 484 (Me.1993) (citation omitted). The defendants argue that the amended complaint does not allege any extreme and outrageous conduct, nor any intentional or reckless conduct. Defendants' Motion at 8. However, the alleged conduct of Brooks could reasonably be construed as extreme or outrageous and as reckless. The defendants also assert that there is no allegation of severe emotional distress. *Id.* While the allegation in the amended complaint is minimal on this element, it is possible reasonably to infer severe emotional distress from the allegations of paragraph 12. Finally, the defendants contend that a claim for $25,000 in damages is too modest to support a claim for intentional infliction of

emotional distress. *Id.* at 9. The Maine Law Court has yet to announce that any particular amount of alleged damages is insufficient as a matter of law to support such a claim, and the defendants offer no reason why this court should do so. The defendants are not entitled to dismissal of Count II insofar as it asserts a claim for intentional infliction of emotional distress.

■ Under Maine law, a claim for negligent infliction of emotional distress requires a plaintiff to set forth facts from which it may be concluded that

(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was harmed; and (4) the breach caused the plaintiff's harm.

*Curtis v. Porter,* 784 A.2d 18, 25 (Me.2001) (citation omitted). The defendants contend that the claim for negligent infliction of emotional distress asserted in the amended complaint is based on the same elements as the plaintiff's claim for invasion of privacy alleged in Count V and accordingly must be dismissed. Defendants' Motion at 9–10. The plaintiff does not respond to this argument. In *Devine v. Roche Biomedical Labs., Inc.,* 637 A.2d 441 (Me.1994), the Maine Law Court noted that its decisions provide that "emotional distress alone may constitute *compensable damage,* but [were] not meant to create a new ground for *liability,* nor [were they] meant to give plaintiffs a license to circumvent other requirements of the law of torts," *id.* at 447 (emphasis in original). Where, as here, the requirement of the existence of a duty running from the defendant to the plaintiff is set forth in a separate tort claim, there is no separate claim for negligent infliction of emotional distress. *Veilleux v. National Broad. Co.,* 206 F.3d 92, 130 (1st Cir.2001). The substituted defendant is entitled to dismissal of that portion of Count II that seeks recovery for negligent infliction of emotional distress.

■ With respect to Count III, the defendants contend that the Rehabilitation Act applies only to claims in which there is an employment relationship between the plaintiff and the defendant and that the amended complaint fails in any event to allege that the plaintiff suffers from a disability, which is an essential element of any claim under the Act. Defendants' Motion at 11–12. The plaintiff responds that this count alleges violation of 29 U.S.C. § 794 and that he was discriminated against in the administration of his social security benefits because that section of the Rehabilitation Act "specifically adopts the standards of the ADA, and that statute makes the disclosure of confidential medical information actionable (See [sic] 42 U.S.C. § 12112(d))." Plaintiff's Response at 9. The relevant portions of the statute cited by the plaintiff provide as follows:

(a) **Promulgation of rules and regulations**

No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under ... any program or activity conducted by any Executive agency....

\*　　\*　　\*　　\*　　\*　　\*

(d) **Standard used in determining violation of section**

The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201–12204 and

12210), as such sections relate to employment.

29 U.S.C. § 794(a) & (d). Clearly, the importation of the standards established by the Americans with Disabilities Act into the Rehabilitation Act by subsection (d) is limited to complaints alleging employment discrimination. By no stretch of the imagination may the amended complaint in this case be construed to allege employment discrimination. Nor may the amended complaint reasonably be construed to allege that the defendants discriminated against the plaintiff based on a disability. Defendant Barnhart is entitled to dismissal of Count III.

 With respect to Count IV, the defendants contend that the amended complaint's allegation of breach of an unspecified duty of care is insufficient to state a claim on which relief may be granted and is duplicative of the allegations of invasion of privacy asserted in Count V. Defendants' Motion at 12. In his response, the defendant identifies the duty alleged in Count IV as "a duty to keep plaintiff's HIV status confidential." Plaintiff's Response at 7. That duty is essentially the same as the duty that provides the basis for Count V and the substituted defendant accordingly is entitled to dismissal of Count IV.

 The defendants contend that Count V is subject to dismissal because the tort of invasion of privacy requires widespread publicity, while the amended complaint alleges disclosure only to Robinson. Defendants' Motion at 12–14. The plaintiff responds that Brooks's disclosure "directly caused the widespread publicity ... that plaintiff has AIDS." Plaintiff's Response at 8. Maine law recognizes four types of actionable invasion of privacy. *Estate of Berthiaume v. Pratt*, 365 A.2d 792, 795 (Me.1976). The parties agree that the plaintiff here means to allege only public disclosure of private facts. Defendants' Motion at 13; Plaintiff's Response at 8. Maine has adopted section 652D of the Restatement (Second) of Torts as the definition of this type of invasion of privacy. *Nelson v. Maine Times*, 373 A.2d 1221, 1225 (Me.1977). That section of the Restatement provides:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
> (a) would be highly offensive to a reasonable person, and
>
> (b) is not of legitimate concern to the public.

Restatement of the Law (Second) – Torts § 652D (2002). Comment *a* to this section provides, in relevant part:

> "Publicity," as it is used in this Section ... means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference [between this term and the term "publication" with respect to liability for defamation] is not one of the means of communication, which may be oral, written or by other means. It is one of a communication that reaches, or is sure to reach, the public.
>
> Thus it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons.

Communication of private facts to only one person, or even to a group of six, is insufficient publication for purposes of this tort. *Hawley v. Atlantic Cellular Tel. Corp.*, 1994 WL 505029 (D.Me. Sept. 2, 1994), at

*3. It is the defendant's own disclosure, not the fact that the individual to whom the defendant made the disclosure may later make it to others, that is determinative. *See, e.g., Robert C. Ozer, P.C. v. Borquez,* 940 P.2d 371, 374, 377 (Colo. 1997). The substituted defendant is accordingly entitled to dismissal of Count V.

 Count VI alleges a federal constitutional violation against defendant Brooks. The parties agree that this claim is appropriately categorized as a *Bivens* claim, after *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendants' Motion at 14–15; Plaintiff's Response at 9. Brooks contends, Defendants' Motion at 15, that, as a federal employee, she could not have been acting under state law, which is a necessary element of such a claim when it arises under the Fourteenth Amendment, as is alleged in this case, Amended Complaint ¶ 18. In the alternative, she argues that this claim is precluded by the Privacy Act, 5 U.S.C. § 552a. *Id.* at 15–16. The plaintiff responds only that "it is not apparent there are no circumstances under which [the plaintiff] could establish that Brooks was operating under the color of state law when she visited him in September 2000." Plaintiff's Response at 9.[3] To the contrary, the amended complaint alleges only that Brooks "worked for the SSA," Amended Complaint ¶ 9, a federal agency, and that she went to see the plaintiff in order to discuss "his supplemental security income benefits," *id.* ¶ 10. "The fourteenth amendment's proscription runs only against states." *Falzarano v. United States,* 607 F.2d 506, 511 (1st Cir.1979). Only if Brooks's alleged activities were sufficiently "entwined with [state] govern-

mental policies" or "impregnated with a [state] governmental character," *id.,* could Count VI state a claim on which relief may be granted. There is no reasonable sense in which an employee of the federal Social Security Administration, discussing with the plaintiff his supplemental security income benefits, could be acting under the color of state law. Brooks is entitled to dismissal of Count VI.

### III. The Motion for Summary Judgment

The only count remaining for consideration with respect to the defendants' motion for summary judgment is that portion of Count II that alleges intentional infliction of emotional distress.

### A. Applicable Legal Standard

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.,* 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this bur-

---

**3.** The plaintiff also requests the opportunity to conduct discovery on this issue "[p]ursuant to Rule 56(f)," Plaintiff's Response at 9, but that request is not relevant to this court's review of the motion to dismiss, which is governed by Rule 12(b)(6).

den is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

## B. Factual Background

The parties' statements of material facts, submitted pursuant to this court's Local Rule 56, include the following undisputed material facts relevant to the remaining claim.

Since 1990, the Social Security Administration ("SSA") office in Portland, Maine has designated one employee to serve as a liaison with Maine Medical Center (MMC) in order to improve service for critically-ill hospital patients and their families. Statement of Undisputed Facts Including Material Facts ("Defendants' SMF") (Docket No. 10) ¶¶ 1–2; Plaintiff's Statement of Opposing Facts and Additional Material Facts ("Plaintiff's Responsive SMF") (Docket No. 18) ¶¶ 1–2. When an MMC social worker identified a patient who might be eligible for social security benefits, the social worker would contact the SSA liaison after obtaining the patient's permission, following which the liaison would either call the patient by telephone or conduct an interview in the patient's hospital room. *Id.* ¶¶ 3–4. Starting in 1995, defendant Regina Brooks was the SSA liaison with MMC. *Id.* ¶ 5.

In 1997 SSA expanded the program to other medical facilities, including the New England Rehabilitation Hospital, Mercy Hospital, Maine Center for Cancer Medicine and Jackson Brook Institute. *Id.* ¶ 9. Between 1997 and 2001 Brooks worked full time as the SSA liaison with these facilities, handling approximately ten claims per week. *Id.* ¶ 10. She handled claims involving a variety of medical conditions, including human immunodeficiency virus (HIV) and acquired immunodeficiency syndrome (AIDS). *Id.* ¶ 12.

In September 2000 an MMC social worker contacted Brooks about the plaintiff, telling her that the plaintiff was an MMC inpatient with non-Hodgkins lymphoma and advanced AIDS who was interested in submitting an application for social security disability benefits. *Id.* ¶¶ 13–15. On about September 20, 2000 Brooks visited the plaintiff in his MMC hospital room. *Id.* ¶ 17. At the time of the visit MMC did not provide Brooks with any of the plaintiff's medical records. *Id.* ¶ 18.

When Brooks interviewed the plaintiff in his hospital room, she introduced herself as an SSA employee. *Id.* ¶ 20. In order to process the plaintiff's application, Brooks needed his personal, financial and medical information. *Id.* ¶ 21. For at least part of the interview, Andrea Robinson was present in the plaintiff's hospital room. *Id.* ¶ 23. Robinson was visiting the plaintiff and brought him a balloon, flowers and candy. *Id.* ¶ 24. The parties disagree about what was said in Robinson's presence during the interview. *See id.* ¶¶ 25–28.

By letter dated July 18, 2001 the plaintiff provided SSA with notice of a tort

claim arising out of the interview in which he stated that "the sum certain of damages I have suffered is $25,000." *Id.* ¶ 30. In a letter dated November 7, 2001 the plaintiff's attorney stated that there "are no medical reports that I am aware of describing the embarrassment, humiliation, and anxiety caused by the breach of confidentiality" alleged in this action. *Id.* ¶ 31. As a result of Brooks's alleged disclosure of the plaintiff's HIV status, he has been depressed, anxious, embarrassed and very sad, feeling isolated as a result of telling friends and family members about his HIV status, as he felt compelled to do, and seeking counseling at the AIDS Lodging House. Affidavit of Alan Stokes (Docket No. 19) ¶ 9.[4]

## C. Discussion

■ The defendants contend that they are entitled to summary judgment on that portion of Count II of the amended complaint that alleges intentional infliction of emotional distress because the alleged conduct of Brooks was not so extreme and outrageous as to exceed all possible bounds of decency, one of the elements of this claim as discussed above, as a matter of law. Defendants' Motion at 8. Neither party includes in their respective statements of material facts what Brooks is alleged to have said or done that caused the emotional distress. However, because the defendants' argument appears to be premised on the allegations set forth in the complaint and they do not object to the omission of this central fact from the plaintiff's statement of material facts, I will proceed with this analysis based on the following allegation from the amended complaint: in Robinson's presence, Brooks said to the plaintiff, "[W]hen your HIV status turns to full blown AIDS you need to notify the office." Amended Complaint ¶ 10. The plaintiff wanted to keep his HIV status confidential. Plaintiff's SMF ¶ 36.[5] The defendants rely on paragraphs 15, 22, and 25–28 of their statement of material facts to support their contention that Brooks's alleged conduct cannot amount to intentional infliction of emotional distress. Defendants' Motion at 9. All but paragraph 15, which asserts that Brooks was told by the MMC social worker that the plaintiff was interested in submitting an application for social security benefits, are denied by the plaintiff. Plaintiff's Responsive SMF ¶¶ 15, 22, 25–28. Paragraph 22, which merely states that the plaintiff told Brooks that he had HIV and wanted his benefits to begin as soon as possible, is not relevant to consideration of the issue of intentional infliction of emotional distress.

With respect to paragraphs 25–28, the defendants contend that the plaintiff's denials are ineffective. Defendants' Responsive SMF ¶¶ 25–28. To the contrary, the plaintiff's denials of paragraphs 25, 26 and 28 are effective and to the point. The defendants' contention that the plaintiff has "conceded" the allegations in paragraph 27 because he does not specifically

---

**4.** The defendants dispute paragraph 38 of the plaintiff's statement of additional facts in which these assertions appear, Additional Material Facts ("Plaintiff's SMF") (including in Plaintiff's Responsive SMF at 3–4) ¶ 38, on the ground that the facts alleged "are not supported by the cited references," Reply Statement of Facts ("Defendants' Responsive SMF") (Docket No. 23) ¶ 38. The facts stated in this sentence in the text are supported by

the cited reference, the plaintiff's affidavit, as noted.

**5.** The defendants' only response to this paragraph of the plaintiff's statement of material facts is the assertion that "The supplemental facts are not material." Defendants' Responsive SMF ¶ 36. This assertion is incorrect and the paragraph is thus deemed admitted to the extent supported by the record references cited by the plaintiff. Local Rule 56(e).

deny that certain topics were discussed "after" he "confirmed his desire to proceed with the interview," an allegation that he effectively denied in response to paragraphs 25 and 26, is sophistry.

The defendants also argue that they are entitled to summary judgment on this claim because the plaintiff "fails to ... establish the requisite level of damages," reiterating the argument made in connection with their motion to dismiss, that the $25,000 demand is *per se* too "modest" to sustain a claim for intentional infliction of emotional distress. Defendants' Motion at 9. As I noted previously, the defendants cite no authority in support of this argument, referring only to a case in which feeling "kind of down," "mad" and "nervous for about a month" was held to be insufficient to establish the damages element of the claim. That description of damages has nothing to do with a particular monetary figure and provides no reason to hold as a matter of law that a monetary demand of a certain minimum level is necessary to sustain a claim for intentional infliction of emotional distress.

Because the material factual allegations on which the defendants base their motion for summary judgment with respect to the allegation of intentional infliction of emotional distress are disputed, the substituted defendant is not entitled to summary judgment on that portion of Count II that raises this allegation.

## IV. The Motion to Amend

The plaintiff has moved for leave to amend his amended complaint to add a claim under the federal Privacy Act, 5 U.S.C. § 552a. Plaintiff's Motion to Amend the Complaint (Docket No. 16). The defendants oppose the motion, pointing out that any such claim against Brooks in her individual capacity would not lie, citing 5 U.S.C. § 552a(g)(1)(D), and contending that the amendment would be fu-tile as to the SSA or the federal government. Opposition to Plaintiff's Motion to Amend (Docket No. 22) at 3–5. The plaintiff did not file a reply.

The plaintiff did not tender a proposed second amended complaint with his motion, hampering the defendants' ability to respond. The plaintiff has now tendered a proposed second amended complaint at the court's request.

The Privacy Act clearly limits the civil actions it authorizes to actions "against the agency" alleged to have violated the Act. 5 U.S.C. § 552a(g)(1); *Schowengerdt v. General Dynamics Corp.,* 823 F.2d 1328, 1340 (9th Cir.1987). Accordingly, to the extent that the motion to amend seeks to add such a claim against Brooks, it is denied.

A motion for leave to amend may be denied when the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir.1996). Here, the defendants contend that the proposed addition of a Privacy Act claim against SSA would be futile because liability is imposed under the Act only for willful or intentional violations, citing *White v. OPM,* 840 F.2d 85, 87 (D.C.Cir.1988), and Brooks's alleged actions cannot be considered willful or intentional as a matter of law. Defendants' Opposition at 3–5. However, as support for this assertion, the defendants rely on the very factual assertions that were disputed by the plaintiff in connection with the motion for summary judgment. The additional fact that Brooks did not believe that her conduct violated any law or regulation – particularly when she denies making the statement that lies at the center of this litigation – is not, and cannot be,

determinative. Brooks's belief does not establish that anyone engaging in the same conduct should not have known that the conduct was unlawful or that it did not constitute flagrant disregard for the plaintiff's rights under the Act, if any. *See Andrews v. Veterans Admin.,* 838 F.2d 418, 424–25 (10th Cir.1988); *Albright v. United States,* 732 F.2d 181, 189 (D.C.Cir. 1984).

The government makes no argument to the effect that the proposed amended complaint fails in any other way to state a claim on which relief may be granted under the Privacy Act and I accordingly express no opinion on that point.

The plaintiff's motion for leave to amend his first amended complaint to add a claim under the Privacy Act is granted to the extent that such a claim is asserted against the Social Security Administration.

### V. Conclusion

For the foregoing reasons, the defendants' motion to substitute the United States as the sole party defendant is **GRANTED** as to Counts I, II, IV and V and otherwise **DENIED**; and the plaintiff's motion for leave to amend the amended complaint is **GRANTED** as to the Social Security Administration as a defendant and otherwise **DENIED**. I recommend that the defendants' motion to dismiss be **GRANTED** except as to the claim for intentional infliction of emotional distress set forth in Count II of the amended complaint and that the defendants' motion for summary judgment on that claim be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* de novo *review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to* de novo *review by the district court and to appeal the district court's order.*

March 13, 2003.